GALLOWAY, APPELLANT, *v.* LORIMAR MOTION PICTURE MANAGEMENT, INC. ET AL., APPELLEES.

(No. CA-2681—Decided December 6, 1989.)

*Murray & Murray Co., L.P.A., John T. Murray* and *Dennis E. Murray, Sr.,* for appellant.

*Jones, Day, Reavis & Pogue, Gerald W. Palmer* and *Thomas Demitrack; Skadden, Arps, Slate, Meagher & Flom* and *William P. Frank; Benesch, Friedlander, Coplan & Aronoff, Charles M. Rosenberg* and *Jeffery A. Key,* for appellees.

GWIN, J. On October 1, 1985, defendant-appellee, Lorimar Motion Picture Management, Inc. ("LMPM"), and defendant-appellee, Prudential-

Bache Properties, Inc. ("Pru-Bache"), formed Lorimar Film Partners L.P. ("Partnership"), a Delaware limited partnership, for the purpose of raising capital to engage in the feature-length theatrical motion picture business. LMPM and Pru-Bache served as general partners for Partnership.

In December 1985, Partnership registered with the United States Securities and Exchange Commission, and made a public offering of sixty thousand Partnership "units," priced at $1,000 each, using a prospectus and registration statement dated December 6, 1985. The prospectus indicated that capital would be raised through the selling of said units to investors and that the Limited Partnership Agreement obligated LMPM, the managing general partner, to contribute capital to the Partnership in an amount equal to the total net proceeds from the public offering of said units.

The Partnership units were sold through defendant-appellee, Prudential-Bache Securities, Inc. ("Pru-Bache Securities"). A total of 33,854 units were sold to 7,180 purchasers located throughout the United States. Of those numbers, 1,824 units were sold to four hundred sixty-seven purchasers in Ohio. Plaintiff-appellant Duane L. Galloway, an Ohio resident, purchased four units on behalf of his two minor children, Sean and Kelly Galloway, at a total cost of $4,000, on January 22, 1986.

On April 27, 1988, appellant filed an action in the Richland County Court of Common Pleas against the above-named defendants and other individual defendants alleging violations of Sections 11 and 12 of the Securities Act of 1933 (first and second causes of action), negligent misrepresentation, and breach of fiduciary duty.

In August 1988, defendants-appellees moved to dismiss the entire complaint and the trial court granted the same on February 21, 1989. The trial court, in its judgment entry, ordered that:

"(a) Counts I and II of the Complaint, which assert claims under Sections 12(2) and 11 of the Securities Act of 1933, respectively, are dismissed with prejudice for failure to state a claim, because they improperly 'bootstrap' the state law breach of fiduciary duty claims contained in Count IV of the Complaint into claims under the federal securities laws;

"(b) Count I of the Complaint also is dismissed with prejudice as against all defendants other than Prudential-Bache Securities, because its claim that their acts were a 'substantial factor in the sales transaction' fails to state a claim against them;

"(c) Count III of the Complaint, which asserts a claim of negligent misrepresentation, is dismissed with prejudice as against all defendants because it fails to state a claim upon which relief can be granted;

"(d) Defendants are entitled to summary judgment on Counts I, II and III of the Complaint because the Prospectus at issue disclosed all material facts;

"(e) Count IV of the Complaint, which asserts that defendants breached their fiduciary duty, is dismissed for failure to state a claim, because it was not asserted in proper derivative form, because plaintiff failed to make a proper pre-suit demand, and because plaintiff did not plead particularized facts to excuse a demand;

"(f) The entire Complaint is dismissed with prejudice as against each of the individual defendants, for lack of personal jurisdiction; and

"(g) The entire Complaint is dismissed as against all defendants on the ground of *forum non conveniens.*"

Appellant now seeks our review and raises the following assignments of error:

### Assignment of Error No. I

"The trial court erred in dismissing Counts I and II of plaintiff's complaint, under [Sections] 12(2) and 11, respectively, for failure to state a claim as improper attempts to convert state-law fiduciary claims into federal securities claims."

### Assignment of Error No. II

"The trial court erred in awarding summary judgment to defendant[s] on Counts I and II ([Sections] 12[2] and 11) because genuine issues of material fact remain regarding whether the prospectus registration statement and oral communications contained any false or misleading statements of material fact."

### Assignment of Error No. III

"The trial court abused its discretion and erred as a matter of law dismissing plaintiff's complaint under the authority of Rule 9(B)."

### Assignment of Error No. IV

"The trial court erred in determining plaintiff's fourth count for breach of fiduciary duty must be brought as a derivative claim with demand, instead of a direct claim."

### Assignment of Error No. V

"The trial court erred and abused its discretion by dismissing plaintiff's lawsuit on the basis of forum non conveniens."

### Assignment of Error No. VI

"The trial court erroneously dismissed the complaint against individual defendants for lack of personal jurisdiction."

### I

The prospectus involved in the instant appeal provided in pertinent part:

"Conflicts of Interest

"The Partnership will be subject to certain conflicts of interest arising out of its relationships with the General Partners and their Affiliates. Certain provisions of the Partnership Agreement are designed to protect the interests of the Limited Partners *in situations where conflicts exist by* providing that *any transactions between the Partnership and the Managing General Partner or an Affiliate of the Managing General Partner must be approved by the Advisory Committee or, in certain instances, the Co-General Partner.*" (Emphasis added.)

In his complaint, appellant admits that said Advisory Committee did in fact exist. However, appellant asserts that defendants-appellees "did not intend to adhere to these [conflict of interest] procedures, and that the Managing General Partner intended to have sole authority and discretion to act for and bind the Partnership in the conflict of interest situations described above."

In his first assignment, appellant claims that he should be entitled to proceed to trial on the allegations that defendants-appellees' statements regarding "Advisory Committee procedures" were false and misleading communications in violation of the 1933 Securities Act, and therefore the trial court erred in dismissing Counts I and II for failure to state a claim. In other words, appellant claims that because LMPM selected a film and compiled its budget which resulted in a decrease in the unit investors' profits while increasing LMPM's profits without Advisory Committee approval, there are sufficient allegations that defendants-appellees intended, at the time the prospectus was issued, not to follow the Advisory Committee procedures. Furthermore, appellant claims that he purchased partnership units based upon the assurances contained in the prospectus that the Advisory Committee would oversee decisions of the two General Partners in

budget matters and film selection. We find both claims without merit.

On page forty-six of the prospectus under the heading "Advisory Committee," the following appears at the end of that section:

"If the Advisory Committee dissolves, the Managing General Partner is required to assume the duties and obligations of the Advisory Committee which are to be exercised in the best interest of the Partnership."

Clearly, the prospectus informed appellant that the Advisory Committee could be dissolved and that the Managing General Partner (LMPM) could assume its duties. Additionally, should LMPM assume the Advisory Committee duties, as here, LMPM must act in the best interest of the Partnership. Thus, it would appear appellant's charges against defendants-appellees are in fact a breach of the "best interests" requirement.

Appellant's causes of action I and II merely state that defendants-appellees failed to comply with Advisory Committee procedures, and such, as indicated above, is tantamount to claiming a failure to exercise Advisory Committee duties in the best interests of the Partnership or a breach of fiduciary duty. Appellant's attempt to make this into a federal securities violation simply by charging that defendants-appellees "intended not to adhere to Advisory Committee procedures" is not, in and of itself, sufficient to accomplish that objective. See *Lester* v. *Preco Industries, Inc.* (S.D.N.Y. 1965), 282 F. Supp. 459.

To endorse appellant's position would permit stockholders who are unhappy with a management decision to claim that management "did not intend to" follow assertions set out in the prospectus and thereby convert a breach of fiduciary duty claim into a federal security claim.

Therefore, we find that Counts I and II were properly dismissed for failure to state a claim because they improperly attempt to convert a breach of fiduciary duty into a federal securities violation. Although appellant vehemently disagrees, we find that *Sante Fe Industries* v. *Green* (1977), 430 U.S. 462, supports our decision.

Accordingly, appellant's first assignment of error is overruled.

## II

In his second assignment, appellant claims that the trial court erred in granting summary judgment against appellant's Counts I and II because there is a material question whether a reasonable investor would consider the disclosures in the prospectus, regarding the Advisory Committee procedures, material and whether such disclosures were false.

When reviewing motions for summary judgment pursuant to Civ. R. 56, "[t]he inferences to be drawn from the underlying facts contained in the affidavits and other exhibits must be viewed in the light most favorable to the party opposing the motion, and if when so viewed reasonable minds can come to differing conclusions the motion should be overruled." *Hounshell* v. *American States Ins. Co.* (1981), 67 Ohio St. 2d 427, 433, 21 O.O. 3d 267, 271, 424 N.E. 2d 311, 315.

We believe that reasonable minds, upon reading the prospectus, could only conclude that the Advisory Committee procedures were sufficiently disclosed, that the Advisory Committee procedures could be bypassed, and that said disclosures were not false.

Therefore, summary judgment was proper and appellant's second assignment of error is hereby overruled.

## III

In his third assignment, appellant claims that because he did not charge defendants-appellees with fraud but in-

stead charged them with making false and misleading statements under Section 11, the trial court erred in applying Civ. R. 9(B).

Civ. R. 9(B), patterned after Fed. R. Civ. P. 9(b), provides:

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

We believe the trial court properly applied Civ. R. 9(B) to appellant's first and second causes of action. Appellant's allegation that defendants-appellees "did not intend" to follow the Advisory Committee procedures or other statements contained in the prospectus is an allegation that defendants-appellees intended to defraud or had knowledge of false statements contained in the prospectus. Therefore, we believe it is not unreasonable to require more than mere conclusory allegations of such intent. *Center S. & L. Assn.* v. *Prudential-Bache Securities, Inc.* (S.D.N.Y. 1987), 679 F. Supp. 274 (Fed. R. Civ. P. 9[b] applied to alleged violations of Section 12[2] of the 1933 Securities Act).

Accordingly, appellant's third assignment of error is hereby overruled.

## IV

Appellant claims in his fourth assignment that the trial court erred in determining that appellant's fourth count for breach of fiduciary duty must be brought derivatively and not directly. We agree.

There are numerous provisions throughout the prospectus stating that unit holders will become assignees of the Assignor Limited Partner. The prospectus then states that:

"Under Delaware law, an assignee, unlike a substituted Limited Partner, is not entitled to all of the statutory rights of a Limited Partner, including, without limitation, the right to maintain a derivative action * * *."

Clearly, the prospectus gives unit holders the status of assignees and precludes the same from maintaining a derivative action.[1] Therefore, appellant's fourth cause of action for breach of fiduciary duty was properly brought as a direct action.

Accordingly, appellant's fourth assignment of error is sustained.

## V

The trial court, in its memorandum decision, found that:

"* * * Ohio has only extremely tenuous links with the underlying facts and circumstances of this action, and would be an inconvenient forum for this litigation. In contrast, most, if not all of the relevant documents and witnesses appear to be located in California, and many of the alleged wrongful acts appear to have taken place in California.

"Specifically, this litigation would focus upon thousands of financial transactions involved in the production of four full-length motion picture films at Lorimar's studios in the Los Angeles area. Eight of the thirteen defendants are located in California. Most if not all of the witnesses that have any knowledge of these financial transactions and the documents recording them, and experts that understand the motion picture industry and its production, financial and accounting practices, appear to be located in California. In contrast, the only arguable link between this case and Ohio is that the plaintiff — who purports to represent a *nationwide* class — is from Sandusky. No defendant is headquartered here and only

---

[1] We do not, at this time, decide whether such duplicity in a prospectus is enforceable against a unit holder.

one has any operations here. All of these factors demonstrate that Ohio would be an inconvenient forum for this action and warrant dismissal."

Appellant claims that the trial court erred in applying *forum non conveniens* to the case *sub judice.*

In *Chambers* v. *Merrell-Dow Pharmaceuticals, Inc.* (1988), 35 Ohio St. 3d 123, 519 N.E. 2d 370, paragraph one of the syllabus, our Supreme Court held:

"The common-law doctrine of *forum non conveniens* is committed to the sound discretion of a court of general jurisdiction, and may be employed pursuant to the inherent powers of such court to achieve the ends of justice and convenience of the parties and witnesses."

Therefore, our review is limited to whether the trial court abused its discretion in its application of *forum non conveniens.* Abuse of discretion connotes " 'not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.' " *State, ex rel. Commercial Lovelace Motor Freight, Inc.,* v. *Lancaster* (1986), 22 Ohio St. 3d 191, 193, 22 OBR 275, 277, 489 N.E. 2d 288, 290, quoting *State, ex rel. Shafer,* v. *Ohio Turnpike Comm.* (1953), 159 Ohio St. 581, 590-591, 50 O.O. 465, 469, 113 N.E. 2d 14, 19.

Based on the foregoing, we do not find that the trial court abused its discretion in its application of *forum non conveniens* and, therefore, appellant's fifth assignment of error is hereby overruled.

## VI

In his final assignment, appellant claims that the trial court erroneously dismissed the complaint against the individual defendants-appellees for lack of personal jurisdiction. We disagree.

It is well-settled that the burden of establishing jurisdiction over the individual defendants-appellees is upon appellant. *McNutt* v. *General Motors Acceptance Corp.* (1936), 298 U.S. 178, 189. Furthermore, jurisdiction over individual officers of a partnership or corporation cannot be based merely on jurisdiction over that partnership or corporation. *Weller* v. *Cromwell Oil Co.* (C.A. 6, 1974), 504 F. 2d 927, 929, citing *Wilshire Oil Co. of Texas* v. *Riffe* (C.A. 10, 1969), 409 F. 2d 1277.

In the instant case, we find that appellant failed to allege sufficient facts "to make it reasonable and just, consistent with traditional notions of fair play, and in conformity with due process requirements of the Fourteenth Amendment" to subject the individual defendants-appellees to personal liability arising out of their alleged conduct concerning this case. *Weller, supra,* at 931; *International Shoe Co.* v. *Washington* (1945), 326 U.S. 310.

Therefore, appellant's final assignment of error is hereby overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County is hereby affirmed.

*Judgment affirmed.*

MILLIGAN, P.J., and HOFFMAN, J., concur.