WATSON, Appellant,

v.

**DRIVER MANAGEMENT, INC., Appellee.**

[Cite as *Watson v. Driver Mgmt., Inc.* (1994), 97 Ohio App.3d 509.]

Court of Appeals of Ohio,
Clark County.

No. 94–CA–28.

Decided Oct. 19, 1994.

510

*Forg & Forg* and *John H. Forg III*, for appellant.

*Martin, Browne, Hull & Harper* and *Walter Wildman*, for appellee.

---

FREDERICK N. YOUNG, Judge.

■ Steve Watson is appealing from an order of the Common Pleas Court of Clark County, Ohio, dismissing his case on the grounds of *forum non conveniens.* The question of dismissal on the grounds of *forum non conveniens* is within the sound discretion of the trial court and the reviewing court is required to give substantial deference to the decision of the trial court on the issue. Upon review of the factors considered by the trial court in rendering its decision we cannot say that it committed a clear abuse of discretion and therefore we affirm.

The somewhat unusual procedural history of this case, the facts which underlie the action, and the reasoning of the trial court in rendering its decision are all set forth in its entry of March 4, 1994, which in the interest of judicial economy we will repeat here:

"LORIG, J.

"This case has been submitted upon motions for dismissal or a change of venue by the parties. The Court has reviewed the pleadings, transcript of proceedings before the Hamilton County Common Pleas Court, legal memorandum, and arguments of counsel.

"The plaintiff is a resident of Hamilton County, Ohio. He entered into an employment contract in Omaha, Nebraska with Driver Management, Inc. Driver Management, Inc. is a Nebraska Company with no office or terminal in Ohio. Driver Management, Inc. is a subsidiary of Gar–Gar, Inc., which is a subsidiary of Werner Enterprises, Inc. Werner's main terminal is in Omaha, Nebraska but has a terminal in Clark County, Ohio.

"The Plaintiff filed a workers' compensation claim for a work related back injury sustained at his place of employment in Omaha, Nebraska. This claim is governed by the Nebraska's Workers' Compensation law. The plaintiff alleges as a result of filing the claim he was wrongfully terminated by his Nebraska employer.

"This suit was originally filed in the Hamilton County Common Pleas Court where plaintiff resides. That Court ruled that proper venue *within Ohio* should be in the Clark County Common Pleas Court because Werner Enterprises, Inc.,

dba Werner Trucking Company, the original defendant, maintains a terminal in Clark County, Ohio.

"While the suit was still pending in the Hamilton County Common Pleas Court, the plaintiff filed the second amended complaint dismissing Werner Enterprises, Inc. as a party to this case. The case was then transferred to Clark County, Ohio solely as an action by Steve Watson against Driver Management, Inc.

"It is the Court's opinion that Clark County, Ohio is not the proper forum for this action. The proper forum for this trial is in the State of Nebraska. The plaintiff's employment contract, employer, alledged [*sic*] injury, and alleged improper termination all occurred in Omaha, Nebraska. The records, witnesses, and expert witnesses are located in the State of Nebraska.

"This suit seeks to construe Nebraska's Workers' Compensation Law, employee at will doctrine, and intentional tort law. The proper forum to interpret the Nebraska law and consider the related public policy questions would be the Nebraska Court. Therefore, under the Doctrine of *Forum Non Conveniens*, 22 O Jur.3d, Courts and Judges, Section 288, this court declines jurisdiction. Since Clark County, Ohio is not the proper forum for this suit and Hamilton County, Ohio has rejected venue, therefore, pursuant to Civil Rule 3(D) of the Rules of Civil Procedures the Court hereby stayes [*sic*] this action. This stay Order is conditioned upon all parties agreeing to comply with the provisions of Civil Rule 3(D), permitting plaintiff to file this action in the State of Nebraska within 60 days from the date of this Order. If the plaintiff fails to file this action in Nebraska, in the time allowed, this action will be dismissed with prejudice.

"Defendant's motion for fees and costs is OVERRULED." (Emphasis added.)

Subsequent to that entry, the appellant filed a motion for the trial court to reconsider its decision, which was overruled on April 1, 1994. Then on April 25, 1994, appellant filed a notice of appeal from the entry denying his motion for reconsideration of the transfer of this matter to the state of Nebraska on the grounds of *forum non conveniens*, filed on April 1, 1994.

█ Since motions for reconsideration at the trial court level are not recognized in Ohio, any appeal would have to have been from the March 4, 1994 entry staying the case and the appeal would have therefore been untimely. But timeliness here is not an issue since it is settled law, requiring no citations, that a stay order is not a final appealable order. However, on September 14, 1994, the trial court did file a final appealable order dismissing the case. Therefore, pursuant to App.R. 4(C) we treat the notice of appeal as having been filed immediately after the entry of the final appealable order and we are therefore in a position to consider the merits of the appeal.

"The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055, 1061–1062. The United States Supreme Court in *Gilbert* specifically recognized for the first time that federal courts, and also state courts, had the power to resort to the doctrine in appropriate cases. The Supreme Court in *Gilbert* set forth certain "private" and "public" factors which a trial court must weigh in determining whether to dismiss a case on the grounds of *forum non conveniens.* The relevant private factors are:

(1) "the relative ease of access to sources of proof";

(2) the "availability of compulsory process for attendance of unwilling" witnesses;

(3) "the cost of obtaining attendance of willing witnesses";

(4) the possibility of inspecting the premises, if appropriate; and

(5) "all other practical problems that make trial of a case easy, expeditious and inexpensive." 330 U.S. at 508, 67 S.Ct. at 843, 91 L.Ed. at 1062.

The court then listed the following factors which implicate a public interest:

(1) administrative difficulties of courts with congested dockets which can be caused by cases not being filed at their origin;

(2) the burden of jury duty on members of a community with no connection to the litigation;

(3) the "local interest in having localized controversies decided at home"; and

(4) the appropriateness of having diversity cases tried in a forum which is familiar with the governing law. *Id.* at 508–509, 67 S.Ct. at 843, 91 L.Ed. at 1062–1063.

The foregoing factors for consideration as to whether to apply the doctrine were approved by the Supreme Court of Ohio when it first officially approved the doctrine of *forum non conveniens* as being available for use by Ohio courts pursuant to the inherent powers of a court "to achieve the ends of justice and convenience of the parties and witnesses." *Chambers v. Merrell–Dow Pharmaceuticals, Inc.* (1988), 35 Ohio St.3d 123, 519 N.E.2d 370, paragraph one of the syllabus. The court also in *Chambers* set forth the proper standard of review for a *forum non conveniens* decision, as follows:

"The final aspect of the common-law doctrine is the applicable standard of review upon appeal from a *forum non conveniens* dismissal. 'The *forum non conveniens* determination is committed to the sound discretion of the trial court. It may be reversed only when there has been a clear abuse of discretion; where

the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference. *Gilbert,* 330 U.S., at 511–512 [67 S.Ct., at 844–845, 91 L.Ed., at 1063–1064]; *Koster* [*v. Lumbermens Mut. Cas. Co.* (1947)], 330 U.S. [518], at 531 [67 S.Ct. 828, 835, 91 L.Ed. 1067, 1077–1078].'" *Chambers,* 35 Ohio St.3d at 127, 519 N.E.2d at 374.

In the case *sub judice* it is evident from the trial court's entry of March 4, 1994, that it did indeed apply the proper factors which have been set forth by the United States Supreme Court and approved by the Supreme Court of Ohio in finding that the dismissal on the grounds of *forum non conveniens* was appropriate. The court noted that all the events for which the appellant was claiming compensation occurred in Nebraska, where he was employed and where his employer is located. Furthermore, the suit will require interpretation of Nebraska law and certain related public policy questions (*e.g.,* should Nebraska adopt Ohio's intentional tort doctrine?), and therefore certain public factors lean towards application of the doctrine here. In fact, the only real argument that the appellant has for Ohio retaining jurisdiction of his case is that he is located here, has limited financial resources, and would therefore be so inconvenienced by having to file his suit in Nebraska that applying the doctrine here would violate the access to the courts provision of the Ohio Constitution, Section 16, Article I. As the Supreme Court of Ohio said:

"We disagree. The right of 'every person' to bring an action in an Ohio court is not an unlimited, absolute guarantee that every cognizable claim filed in a court of general jurisdiction will be litigated to a final conclusion in such court. Litigants may find their claims barred by a reasonable statute of limitations, stayed by lawful injunction, dismissed by summary judgment and tempered by any number of other devices consonant with due process or 'due course of law.' The doctrine of *forum non conveniens* is one such device, which, when applied according to the case-specific guidelines set forth in *Gilbert* and its progeny, fulfills rather than denies the constitutional guarantee that *every* person 'shall have justice administered without denial or delay.'" (Emphasis *sic.*) *Chambers,* at 132, 519 N.E.2d at 378.

As we have noted, on appeal a reviewing court is required to give "substantial deference" (*Chambers,* at 127, 519 N.E.2d at 374) to a decision of the trial court in dismissing a case pursuant to the doctrine of *forum non conveniens.* We are not to revisit the public and private interest factors considered by the trial court and must limit our review to a determination of whether the trial court abused its discretion. *Id.; Morton Internatl. v. Harbor Ins. Co.* (1992), 79 Ohio App.3d 183, 188–189, 607 N.E.2d 28, 31–32; *Galloway v. Lorimar Motion Picture Mgmt.* (1989), 55 Ohio App.3d 78, 83, 562 N.E.2d 949, 954–955.

The Supreme Court of Ohio has repeatedly held that the term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1142.

Indeed this court itself has approved the application of the doctrine of *forum non conveniens* in appropriate cases and has opined that a decision dismissing a case on that ground "should not be reversed absent a clear abuse of discretion." *Walther v. Cent. Trust Co., N.A.* (1990), 70 Ohio App.3d 26, 34, 590 N.E.2d 375, 380.

We cannot find any abuse of discretion, much less a clear abuse, in this case where the trial court carefully noted, balanced, and weighed the public and private factors which justified its decision to dismiss the case on the grounds of *forum non conveniens.* We do note, however, in passing, that the trial court inappropriately relied on Civ.R. 3(D) for its stay action. Civ.R. 3(D) has no application in this case because it can only be applied in the "extremely rare pure transitory action where both plaintiff and defendant are non-Ohio residents and the cause of action arose outside this state, but the defendant is 'caught' and served while momentarily in Ohio." *Chambers,* 35 Ohio St.3d at 132, 519 N.E.2d at 378. The trial court was perfectly justified in its decision under the doctrine of *forum non conveniens,* without recourse to Civ.R. 3(D), and the minor error of referring to it was totally harmless.

*Judgment affirmed.*

GRADY, P.J., and WOLFF, J., concur.