Defendant-appellee/cross-appellant Philip D. Barcus ("husband") appeals the May 29, 1998 Judgment Entry from the Delaware County Court of Common Pleas, which imposed an indefinite stay of its order terminating the shared parenting plan between husband and plaintiff-appellant/cross-appellee Virginia M. Barcus ("wife") with respect to their minor son, Brandon, and granting custody of Brandon to husband.
 STATEMENT OF THE FACTS AND CASE
Husband and wife were married on February 7, 1980. Two children were born as issue of said union: Brandon (DOB 9/30/84) and Carly (DOB 2/18/88). On July 8, 1992, wife filed a complaint for a divorce in the Delaware County Court of Common Pleas. Husband filed an answer and counterclaim on August 28, 1992. The parties were divorced via Judgment Entry/Decree of Divorce dated July 20, 1994. On April 24, 1995, the trial court issued a shared parenting plan which provided husband with companionship possession of the children every other weekend with two additional nights between each such weekends during the school year, and equal companionship time, alternating on a weekly basis, during the summer months.
On August 30, 1995, wife filed a motion to reallocate parental rights and responsibilities. Via Judgment Entry dated October 11, 1995, the trial court scheduled a hearing before the magistrate for October 16, 1995. On that day, the magistrate appointed Dr. David Tennenbaum to perform a full custody evaluation in the matter. The magistrate scheduled a hearing on the issue of custody for December 18, 1995. Subsequently, the matter was continued until January 29, 1996.
On January 29, 1996, husband filed a motion moving the court to find wife in contempt for failing to pay the mortgage obligations on the marital residence. The magistrate scheduled a contempt hearing for April 18, 1996. Husband and wife each requested two continuances of the hearing.
On June 5, 1996, husband filed a motion requesting the court find wife in contempt as a result of her failure to abide by the final divorce decree relative to husband's visitation rights with the minor children. Husband also filed a motion moving the court for an order modifying the shared parenting plan to provide the minor children live primarily with husband and have reasonable companionship time with wife. Alternatively, husband asked the court to terminate the shared parenting plan and award sole custody of the children to him. The magistrate scheduled a show cause hearing for June 20, 1996. After hearing two days of testimony on June 20 and 21, 1996, the magistrate scheduled a continuation of the hearing for August 1 and 2, 1996. The magistrate ordered wife to cooperate in taking the children to follow-up sessions with Dr. Smalldon, if husband could schedule said sessions during the interim.
Via Magistrate's Decision dated March 13, 1997, the magistrate found Brandon had a strong relationship with wife, but virtually no relationship with husband[1]. The magistrate noted Brandon was well adjusted to his home, school, and community. Additionally, the magistrate found:
 The Husband is more likely to honor and facilitate visitation and companionship rights approved by the court. The Husband is current in child support. Neither Party has neglected or abused children or has been convicted of domestic violence. * * * The Wife has willfully or subconsciously denied the Husband his right of visitation in accordance with an order of the court. * * * The Parties have shown no ability to cooperate and make joint decisions with respect to the children or to encourage the sharing of love, affection, and contact between the child and the other parent.
* * *
 A change has occurred in the circumstances of Brandon and the Wife. Modification of the Decree is necessary to serve the best interest of Brandon. The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
March 13, 1997 Magistrate's Decision at 6-7.
Based upon the aforementioned findings, the magistrate decided:
 The shared parenting plan with respect to Brandon be terminated. Custody of Brandon be placed with the Husband. The change of custody be stayed and the current shared parenting plan remain in effect providing the Wife and Brandon strictly comply with the following requirements:
 Brandon and the Husband shall commence family counseling with Bob Fathman as soon as possible. The Husband shall schedule appointments and the Wife shall see that Brandon attends. The Wife, Carly, and Diane [husband's new wife] shall participate in said counseling at the request of Dr. Fathman. * * *
 The purpose of the counseling is to restore companionship between the Husband and Brandon as set forth in the shared parenting decree. This may be phased in on a gradual basis as suggested by Dr. Fathman.
 Id. at 7-8.
Via Judgment Entry dated April 10, 1997, the trial court adopted and approved the magistrate's decision.
On May 28, 1997, husband filed a motion asking the court to lift the stay and effectuate the change of custody order. In support of his motion, husband attached a letter dated May 16, 1997, Dr. Fathman wrote to the magistrate to apprise the court of the course of treatment and the problems encountered during the court ordered family counseling. In the correspondence, Dr. Fathman noted he met with Brandon on three occasions. Although the doctor encouraged Brandon to engage in short visits with husband, Brandon refused to have anything to do with husband. Dr. Fathman stated he saw no hope of effecting reconciliation while Brandon lived with wife and recommended the stay be lifted and husband be awarded custody.
The magistrate scheduled the matter for trial on August 13, 1997. Via Magistrate's Decision dated November 25, 1997, the magistrate found, "no progress on visitation was made through counseling. * * * The child and the mother, despite the mother's protestations to the contrary, have totally undermined visitation and has left the court with no alternatives." November 25, 1997 Magistrate's Decision at 3. The magistrate decided:
 The shared parenting plan with respect to Brandon be terminated. Custody of Brandon be placed with the Husband. The stay order on this change of custody set forth in the Judgment Entry dated of April 10, 1997 be terminated.
 The change of custody shall take place on Friday January 23, 1998 at 3:00 p.m. The Mother shall bring the child to the domestic relations courtroom, second floor of the Delaware County Courthouse at that time. The Husband shall pick up the child at that time.
 After the change in custody is completed, the Wife shall have visitation with Brandon at the same times the Husband was to have companionship time with Brandon under the original shared parenting plan.
 Id. at 4.
A copy of the decision was sent by ordinary U.S. mail to wife, whose attorney had previously been permitted to withdraw from the case. Neither party filed objections to the magistrate's decision. Via Judgment Entry dated December 15, 1997, the trial court adopted and approved the magistrate's decision.
On January 5, 1998, wife filed a handwritten objection to the magistrate's November 25, 1997 decision, explaining she did not receive notice of said decision until December 22, 1997, when she received the court's December 15, 1997 Judgment Entry. On January 16, 1998, Attorney Robert DiRosario filed a Notice of Appearance on behalf of wife. That same day, wife filed a motion for leave to file objections to the magistrate's November 25, 1997 Decision as well as a motion for relief from judgment pursuant to Civ. R. 60(B). In support of her motion for relief from judgment, wife submitted an affidavit in which she averred she did not receive notice of the magistrate's decision until December 17, 1997, when she received a copy of the trial court's December 15, 1997 Judgment Entry.
Via Judgment Entry dated January 20, 1998, the trial court stayed its December 15, 1997 Judgment Entry and granted wife fourteen days in which to file objections to the magistrate's decision. The trial court conditioned the stay upon husband's having visitation with Brandon every weekend. The court noted, "failure of the wife to deliver the child to visitation and failure of the child to complete visitation shall result in the change of custody order being enforced." January 20, 1998 Judgment Entry at 1.
On February 3, 1998, wife filed her objections. Husband filed a memorandum contra wife's objections on February 24, 1998. The trial court did not conduct further hearings on the matter.
Via Judgment Entry dated May 29, 1998, the trial court ordered:
 The shared parenting plan with respect to Brandon be terminated. Custody of Brandon be placed with the Husband. This change of custody be stayed and the shared parenting plan of the original Decree of Divorce as modified herein remain in effect provided that the Wife strictly comply therewith.
May 29, 1998 Judgment Entry at 4.
In a footnote, the trial court remarked:
 This Court will enforce strict compliance by a swift and unconditional change of custody. The Wife and the child have complied, can comply, and will comply with the orders of this Court.
In support of its order, the trial court noted:
 The Court is mindful that on every Friday since January 23, 1998 (except for 2) the Wife or an agent has brought the child to the courthouse and the Husband has had visitation. The Parties ran into a dispute on spring visitation which was ultimately resolved between the Parties and on Friday May 22, 1998, the Husband apparently picked up the children at the Wife's residence.
 Id.
The trial court did not expressly rule on wife's objections or address any of the factual issues raised in said objections. Wife filed a notice of appeal of the May 29, 1998 Judgment Entry on June 17, 1998.[2] Husband filed his notice of cross-appeal on June 29, 1998. The parties filed their briefs accordingly.
Husband raises as his sole assignment of error:
 THE TRIAL COURT ERRED BY IMPOSING ON 5/29/98 A PERMANENT STAY OF EXECUTION ON ITS JUDGMENT ENTRY AWARDING CUSTODY OF THE PARTIES' SON TO DEFENDANT-APPELLEE-CROSS APPELLANT.
On December 23, 1998, husband filed a Complaint for Writ of Mandamus and Procedendo moving this Court for an order requiring the trial court to remove the stay entered on May 29, 1998, and to immediately order a change of custody to husband. In support of his request, husband noted he did not have a plain and adequate remedy at law because the stay order was not a final, appealable order, citing Watson v. Driver Management,Inc. (1994), 97 Ohio App.3d 509, 512.
Pursuant to Local Appellate Rule 12, this Court sua sponte
consolidated the matters.
 FINAL, APPEALABLE ORDER
Before addressing the merits of husband's assignment of error, we must first determine whether the trial court's May 29, 1998 Judgment Entry is a final, appealable order.
R.C. 2505.02, which defines the three types of final orders, provides, in part:
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
A substantial right is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entities a person to enforce or protect." R.C. 2505.02(A)(1).
On April 10, 1997, the trial court adopted and approved the magistrate's decision dated March 13, 1997, in which the magistrate found wife willfully and subconsciously denied husband his visitation rights with respect to Brandon and determined custody of Brandon should be awarded to husband. The change of custody was stayed provided wife and Brandon strictly comply with the court's orders to restore companionship with husband. The magistrate conducted an additional evidentiary hearing upon husband's filing of a motion to lift the stay, and again determined custody of Brandon should be awarded to husband. Via Judgment Entry dated May 29, 1998, the trial court again approved and adopted the magistrate's decision, however, in that same order, the trial court indefinitely stayed the change of custody.
When the trial court issued the change of custody in its May 29, 1998 Judgment Entry, which in and of itself is a final, appealable order, but then imposed an indefinite stay, the order affected a substantial right of husband. Therefore, we find the May 29, 1998 Judgment Entry is a final, appealable order. Accordingly, we find husband properly filed his notice of appeal and this Court has the authority to review the matter.
 I
In his sole assignment of error, husband maintains the trial court erred in imposing a permanent stay of execution of its May 29, 1998 Judgment Entry, awarding custody of the parties' son to husband. We agree.
Husband's assignment is composed of four prongs. First, husband contends the trial court violated his due process rights. Second, husband submits the trial court improperly exercised judicial notice of factual findings relative to wife and Brandon's compliance with the January 20, 1998 visitation order. Next, husband asserts the trial court failed to consider the criteria set forth in R.C. 3109.04. Finally, husband claims the trial court lacked authority to impose a permanent stay order against the execution of the custody award.
Upon review of the entire record, we find the trial court's ordering an indefinite stay is inconsistent with its granting a change of custody to husband because the effect of the indefinite stay is tantamount to a denial of the motion for change of custody.
App. R. 12(C) provides, in part:
 In any civil action or proceeding which was tried to the trial court without the intervention of a jury and when upon appeal a majority of the judges hearing the appeal find that the judgment or final order rendered by the trial court is against the manifest weight of the evidence and do not find any other prejudicial error of the trial court * * * the court of appeals shall reverse the judgment or final order of the trial court and either weigh the evidence in the record and render the judgment or final order that the trial court should have rendered on that evidence or remand the case to the trial court for further proceedings; * * *
(Emphasis added).
Pursuant to App. R. 12(C), this Court elects to render final judgment in this matter. Accordingly, we affirm the change of custody order, but reverse the stay order. We hereby order the trial court to lift the stay and immediately effectuate the change of custody to husband. The matter is remanded for the sole purpose of determining wife's visitation rights with Brandon.
By: Hoffman, J., Wise, P.J. and Edwards, J. concur
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, the May 28, 1998 Judgment Entry of the Delaware County Court of Common Pleas is reversed and remanded to the trial court for further proceedings in accordance with this opinion and the law. Costs assessed to plaintiff-appellant/cross-appellee.
--------------------
--------------------
 -------------------- JUDGES
[1] The magistrate found Carly to be adjusted to the shared parenting schedule.
[2] This Court subsequently dismissed wife's appeal for lack of prosecution.