[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G) (1).
Plaintiffs-appellants Sandra K. Shockey and her son, Jeffrey Scott Shockey, appeal from the judgment of the trial court holding that their claim for medical malpractice against the defendants-appellees was barred by res judicata. We affirm the judgment of the trial court.
This is the second action to come before this court for review of the trial court's denial of relief in connection with essentially the same acts of malpractice. In the first action, Sandra Shockey and Jeffrey Shockey sued defendant-appellants for medical malpractice, claiming that the negligence of the hospital and the attending nurse had caused Jeffrey to suffer brain damage. The Shockeys' expert witness testified that Jeffrey's injuries arose from prenatal asphyxiation and were compounded by untreated post-natal apneic episodes, both of which were due to the negligence of the hospital and the nurse.
A jury returned a verdict in the defendants' favor, and the Shockeys appealed. While the case was on appeal, the Supreme Court of Ohio decided Roberts v. Ohio Permanente MedicalGroup, Inc.,[1] in which it recognized a cause of action for loss of chance of survival when the injured party has less than a fifty-percent chance of survival. The Shockeys claimed on appeal that the trial court had, in light of Roberts, given an erroneous jury instruction that prevented recovery on a loss-of-chance-of-survival theory. The Shockeys requested that the cause be remanded for litigation of the Roberts theory of recovery.
Although recognizing that some other courts had retroactively applied Roberts to those cases in which the plaintiffs had unsuccessfully attempted to raise a loss-of-chance-of-survival claim, this court held, "The reason that Shockey's argument ultimately fails, however, is that her claim as presented at trial did not state a cause of action for loss of chance of recovery."[2] Because the facts adduced at trial would not have supported a jury instruction consistent with a Roberts cause of action, this court held that a remand was not appropriate and accordingly affirmed the judgment of the trial court.
Subsequently, the Shockeys filed a second action against the same defendants, this time alleging a loss-of-chance-of-recovery theory. However, on defendants' motion for summary judgment, the trial court held that the suit was barred by res judicata. The Shockeys have appealed that ruling.
In their first assignment of error, the Shockeys claim that because the Supreme Court of Ohio recognized a new cause of action subsequent to the jury's verdict in the first suit, resjudicata does not bar subsequent litigation on that new cause of action. We find this argument to be without merit.
In Grava v. Parkman Township Bd. of Zoning Appeals,[3]
the Supreme Court of Ohio stated, "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." The court specifically adopted the reasoning of the Restatement of Judgments, Section 24(1), which states in part that "the claim extinguished [by a prior judgment] includes all rights of the plaintiff to remedies against the defendant with respect to any part of the transaction, or series of connected transactions, out of which the action arose," even if "a number of different legal theories casting liability on an actor may apply to a given episode."[4]
In this case, the Shockeys claim that res judicata
should not bar their claim because it is a claim that could not have been brought in the prior proceeding; that is, the loss of chance of survival was not recognized as a cause of action until after the initial trial. However, a change in the decisional law applicable to a case generally does not prevent the application ofres judicata.[5]
In National Amusements, the Supreme Court of Ohio stated, "Generally, a change in decisional law which might arguably reverse the outcome in a prior civil action does not bar the application of the doctrine of res judicata," because, otherwise, "`any unsuccessful litigant [would] attempt to reopen and relitigate a prior adverse final judgment simply because there has been a change in controlling case law.'"[6]
The Shockeys argue that the Grava court recognized that, in some cases, "changed circumstances" might prevent the application of res judicata. While we agree with this general proposition, the case law demonstrates that the term "changed circumstances" ordinarily refers to some change in the factual posture of a case, and that the exception has been invoked most commonly in cases involving zoning issues, when the passage of time and changes in other circumstances render res judicata
principles inapposite.[7]
Here, the Supreme Court of Ohio created a new cause of action for the identical conduct complained of in the Shockeys' first suit against the defendants. This change in the law is not the type of changed circumstances contemplated by Grava.
Exceptions to the rules of res judicata exist. InNational Amusements v. Springdale,[8] the Supreme Court of Ohio recognized that the strict application of res judicata might frustrate the objectives of the judicial system. The court stated, however, that "`it is important to note that although a number of cases may speak in terms of allowing an exception as being in the "public interest" or because it avoids "injustice," these generally are overstatements. * * * [E]xceptions to resjudicata most commonly and properly are invoked only in specialized situations in which a specific policy is deemed to outweigh judicial economy concerns.'"[9]
The court continued, "Generally, a change in decisional law which might arguably reverse the outcome in a prior civil action does not bar the application of the doctrine of resjudicata."[10] Thus, we hold that the trial court did not err in dismissing the Shockeys' complaint based on res judicata
principles.
We reject also the Shockeys' argument that application of res judicata to their complaint deprives them of their constitutional right to redress an injury. The proper application of res judicata or other procedural devices such as forum non conveniens or the statute of limitations to dispose of a claim does not violate the constitutional right to redress expressed in Section 16, Article I of the Ohio Constitution.[11]
Therefore, the judgment of the trial court is af-firmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on November 17, 1999, per order of the Court _______________________________. Presiding Judge
[1] Roberts v. Ohio Permanente Medical Group, Inc. (1996),76 Ohio St.3d 483, 668 N.E.2d 480.
[2] See Shockey v. Our Lady of Mariemont (June 25, 1997), Hamilton App. No. C-960492, unreported.
[3] Grava v. Parkman Township Bd. of Zoning Appeals (1995),73 Ohio St.3d 379, 653 N.E.2d 226, syllabus.
[4] See id., 73 Ohio St.3d at 382, 653 N.E.2d at 229.
[5] See LaBarbera v. Batsch (1967), 10 Ohio St.2d 106, 110-111,227 N.E.2d 55, 62; National Amusements, Inc. v. Springdale (1990),53 Ohio St.3d 60, 558 N.E.2d 1178, syllabus.
[6] See id. at 61, 558 N.E.2d at 1180.
[7] See, e.g., Set Products, Inc. v. Bainbridge Twp. Bd. ofZoning (1987), 31 Ohio St.3d 260, 510 N.E.2d 373, paragraph two of the syllabus; Wade v. Cleveland (1982), 8 Ohio App.3d 176, 178,456 N.E.2d 829, 832.
[8] National Amusements, Inc., supra, 53 Ohio St.3d at 62,558 N.E.2d at 1180.
[9] See id. at 62-63, 558 N.E.2d at 1180-1181, quoting Sanders v.United States (1963), 373 U.S. 1, 83 S.Ct. 1068.
[10] See National Amusements, 53 Ohio St.3d at 62,558 N.E.2d at 1180.
[11] See Chambers v. Merrell-Dow Pharmaceuticals, Inc. (1988),35 Ohio St.3d 123, 132, 519 N.E.2d 370, 378; Watson v. Driver Mgt.,Inc. (1994), 97 Ohio App.3d 509, 514, 646 N.E.2d 1187, 1190.