JOURNAL ENTRY and OPINION
{¶ 1} Plaintiffs in these consolidated cases appeal from common pleas court orders dismissing each complaint in the interest of comity because there were other actions pending in Atlanta, Georgia among the same parties arising out of the same agreements, and Georgia was the more convenient forum. Appellants argue:
 {¶ 2} I. THE TRIAL COURT ERRED WHEN IT DISMISSED APPELLANTS' COMPLAINT IN THE INTEREST OF COMITY.
 {¶ 3} II. THE TRIAL COURT ERRED WHEN IT DISMISSED APPELLANTS' COMPLAINT ON THE GROUND THAT GEORGIA WAS A MORE CONVENIENT FORUM.
{¶ 4} We have no jurisdiction to review the common pleas court's decision here. Accordingly, we dismiss this appeal.
 FACTS AND PROCEEDINGS BELOW
{¶ 5} Plaintiffs Century Business Services, Inc. ("CBSI") and SR Business Services, Inc. filed their complaints against defendants Kenneth W. Bryant and R. Scott Thurman in the Cuyahoga County Court of Common Pleas on September 25 and 27, 2001 respectively. The complaints each alleged that in December 1997, CBSI's predecessor purchased Smith 
Radigan, P.C., a Georgia professional corporation of which each of the defendants was a shareholder. As a condition of the purchase and sale, the shareholders of Smith Radigan agreed not to solicit any employee of CBSI or its subsidiaries, or use any of its trade secrets. Bryant and Thurman each also executed Executive Employment Agreements which contained a non-solicitation and non-competition clause. They subsequently received employee stock options as a result of which they each executed stock option agreements. In these agreements, the defendants promised not to solicit any of CBSI's clients to leave during the term of their employment or for a period of two years thereafter.
{¶ 6} The complaints alleged that Bryant resigned from his employment on August 30, 2001 and thereafter solicited both clients and employees of CBSI; Thurman resigned on September 14, 2001 and thereafter solicited CBSI's clients. The three counts of the complaints alleged a breach of each of the three agreements allegedly prohibiting this activity.
{¶ 7} Defendant Bryant moved to dismiss the complaint against him on the ground that the plaintiff failed to name an indispensable party plaintiff, Smith and Radigan Certified Public Accountants, LLC, the subsidiary of CBSI which employed him. Bryant alleged that the LLC was the real party in interest in pursuing the claims against him, and both he and the LLC were citizens of Georgia, so this court had no personal jurisdiction over either of them. Bryant further argued that the plaintiffs were estopped from denying that the LLC was an indispensable party by a prior judgment of the United States District Court for the Northern District of Ohio which dismissed a prior complaint by these plaintiffs against Bryant for lack of subject matter jurisdiction because the addition of the LLC as an indispensable party plaintiff would have destroyed the diversity or citizenship among the parties.
{¶ 8} Thurman moved to dismiss the claims against him on the ground that the forum selection clause in the merger agreement was unenforceable. Because the claim based on the merger agreement was only one of several, and the other claims were not controlled by the merger agreement, Thurman argued that the forum selection clause should not be enforced and the case should be dismissed for lack of personal jurisdiction. Thurman also argued the claims for violation of the merger and stock option agreements failed to state claims upon which relief could be granted.
{¶ 9} Although the two cases were not consolidated in the common pleas court, the court disposed of them both in a single order filed October 15, 2001:
 {¶ 10} Hearing held. Plaintiffs Motions (filed 9/20/01 + 9/27/01) for Temporary Restraining Order are DENIED.
 {¶ 11} Defendants' Motions to Dismiss (filed 10/1/01 + 10/2/01) are GRANTED, although not for the reasons asserted by the movants.
 {¶ 12} A state court judge in Atlanta, Georgia having already exercised jurisdiction over the same parties and over claims arising out of the same agreements; in the interest of comity; and Georgia being a more convenient forum the captioned cases are hereby dismissed.
{¶ 13} FINAL
 LAW AND ANALYSIS
{¶ 14} The common pleas court's order does not explicitly state whether the dismissal was with or without prejudice. However, the order expressly contemplates that the same litigation will be pursued in another forum, and relinquishes jurisdiction in favor of that forum. In order to effect this intent, we must construe the order here as a dismissal without prejudice. Cf. Civ.R. 41(B)(3). Otherwise, the Georgia action would be barred on res judicata grounds.
{¶ 15} A dismissal without prejudice does not determine the action or "prevent a judgment" and therefore is not a final appealable order under R.C. 2505.02(B)(1). Sexton v. Kidder, Peabody Co., Inc. (Aug. 24, 1999), Cuyahoga App. No. 74833; Stafford v. Hetman (June 4, 1998), Cuyahoga App. No. 72825. A breach of contract action is not a special proceeding so the dismissal order also is not a final order under division (B)(2) of R.C. 2505.02. Dismissal based on the doctrine of forum non conveniens cannot be considered the grant or denial of a provisional remedy; it is not ancillary to the proceeding but affects the pendency of the entire case. See R.C. 2505.02(B)(4). Finally, the dismissal plainly does not vacate or set aside a judgment or grant a new trial, or determine whether an action may be maintained as a class action. R.C.2505.02(B)(3) and (5). Accordingly, we find the dismissal was not a final appealable order and we lack jurisdiction to review this matter.
{¶ 16} We recognize that dismissals based on the doctrine of forum non conveniens have been the subject of appeals in the past. See, e.g.,Chambers v. Merrell-Dow Pharmaceuticals, Inc. (1988), 35 Ohio St.3d 123,126; Watson v. Driver Mgmt., Inc. (1994), 97 Ohio App.3d 509; Lazzaro v.Huffy Corp. (1998), 125 Ohio App.3d 753. However, we were unable to find any case in which the appeals court's jurisdiction was questioned on the basis that the trial court had dismissed the case without prejudice. See, e.g., The Glidden Co. v. HM Holdings, Inc. (1996),109 Ohio App.3d 721; Leber v. Wuliger (Jan. 24, 1991), Cuyahoga App. No. 57880 (reviewing dismissal without prejudice based on forum non conveniens); cf. Watson, supra (stay to permit plaintiff to refile in the proper forum was not a final appealable order, but subsequent dismissal with prejudice was). In our view, the better practice may be either to stay the case pending resolution of the other litigation or to dismiss on conditions, either of which will allow the plaintiff to reopen the litigation in the event that unforeseen circumstances preclude the other forum from proceeding to final judgment. See, e.g., Chambers, supra. These kinds of orders may raise different finality concerns than an outright dismissal in favor of litigation in another forum.
{¶ 17} We are also cognizant that some appellate courts have reviewed sua sponte orders of dismissal without prejudice which were issued without notice to the parties, even though those orders were not merits determinations. We have previously noted that "[t]hat kind of review may be desirable, since absent appellate review trial courts would have carte blanche in dismissing matters as long as they did so without prejudice." Stafford v. Hetman (June 4, 1998), Cuyahoga App. No. 72825; also see Sexton v. Kidder, Peabody Co., Inc. (Aug. 24, 1999), Cuyahoga App. No. 74833. Regardless of how desirable such a right of appeal might be, however, we do not have the power to review such orders under R.C.2505.02.
Appeal dismissed.
This cause is dismissed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J. and JAMES J. SWEENEY, J. CONCUR