**SALABASCHEW, Appellant,**

v.

**TRW, INC. et al., Appellees.**

[Cite as *Salabaschew v. TRW, Inc.* (1995), 100 Ohio App.3d 503.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67851.

Decided Jan. 30, 1995.

504

*Gold, Rotatori & Schwartz, Niki Z. Schwartz* and *Brian P. Downey; Morrison, Cohen, Singer & Weinstein* and *Malcolm Lewin,* for appellant.

*McCarthy, Lebit, Crystal & Haiman* and *David Shaeffer* for appellee TRW, Inc.

*Adolf Mueller* and *Donald Parshall, Jr.,* for appellee Richard Sneed.

---

*Per Curiam.*

Appellant, Atanas Salabaschew, a French citizen, brought the underlying action against appellee, TRW, Inc., on a sales agreement which provided that TRW would purchase an eighty percent interest in appellant's French corporation, NMS S.A., now known as TRW Module Systems S.A. The appellant's complaint

alleged four causes of action: (1) fraud related to TRW's alleged alteration of figures relating to the maximum payout NMS would receive under the final installment payment provided for in the agreement; (2) reformation of the contract; (3) breach of contract caused by TRW's failure to pay the agreed final installment payment; and (4) notarial liability against one of TRW's corporate officers for altering a document to indicate it was signed on a different date. The complaint alleged further that the alteration of the purchase agreement enabled TRW to forgo payment to NMS of 125,675,505 French francs, or $21,868,019 under the exchange rate in effect at the time the action was filed. On May 11, 1994, TRW filed a motion to dismiss appellant's complaint based on the doctrine of forum non conveniens. TRW argued in its motion to dismiss that (1) appellant is a citizen and resident of France; (2) appellant had already instituted two actions in France relative to this action; (3) the sales agreement provides that French law applies to disputes arising from the agreement; (4) the complex issues raised in appellant's complaint are more easily resolved under the established procedures available in French courts; and (5) appellant has an adequate remedy in the French courts.

Appellant's brief in opposition to TRW's motion to dismiss contained an affidavit from a French law professor detailing the differences between the French commercial court and the American legal system. The commercial court does not use professional judges but employs business people who are not required to have formal legal education. The French court does not permit discovery in the same scope as American courts, and it is only available at the judge's discretion. The French court rarely hears live testimony of witnesses, and when live testimony is taken, it is unsworn and there is no right to cross-examination. The French court also does not have the authority to compel the presence of foreign witnesses. The professor concluded by stating that "it would be difficult if not impossible for Salabaschew to prove his fraud claim in France." Appellant argued further that nearly all of the witnesses he intended to call at trial are located in or near the city of Cleveland, Ohio and he would travel to Cleveland to attend all pretrial proceedings as well as the trial itself.

On August 10, 1994, the trial court granted TRW's motion to dismiss without opinion. On September 6, 1994, appellant filed a timely notice of appeal of the judgment of the trial court.

Appellant's sole assignment of error states:

"The trial court abused its discretion by granting the defendants' motion to dismiss based on forum non conveniens grounds."

Appellant, through his sole assignment of error, argues that the trial court erred in granting appellee's motion to dismiss. Specifically, appellant argues that TRW failed to meet the standards for dismissal on a forum non conveniens

motion. Appellant argues further that the trial court abused its discretion in unconditionally granting TRW's motion to dismiss.

In *Chambers v. Merrell–Dow Pharmaceuticals, Inc.* (1988), 35 Ohio St.3d 123, 519 N.E.2d 370, the Supreme Court of Ohio stated in paragraph one of the syllabus:

"The common-law doctrine of forum non conveniens is committed to the sound discretion of a court of general jurisdiction, and may be employed pursuant to the inherent powers of such court to achieve the ends of justice and convenience of the parties and witnesses."

The forum non conveniens determination is committed to the sound discretion of the trial court and can only be reversed upon a showing of an abuse of that discretion. *Id.* at 127, 519 N.E.2d at 373, citing *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 511–512, 67 S.Ct. 839, 844, 91 L.Ed. 1055, 1062; *Morton Internatl., Inc. v. Harbor Ins. Co.* (1992), 79 Ohio App.3d 183, 607 N.E.2d 28.

In *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1141, the Ohio Supreme Court stated:

"The term 'abuse of discretion' was defined by this court in *State v. Adams* (1980), 62 Ohio St.2d 151, 157 [16 O.O.3d 169, 174, 404 N.E.2d 144, 148]:

" 'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Steiner v. Custer* (1940), 137 Ohio St. 448 [19 O.O. 148, 31 N.E.2d 855]; *Conner v. Conner* (1959), 170 Ohio St. 85 [9 O.O.2d 480, 162 N.E.2d 852]; *Chester Township v. Geauga Co. Budget Comm.* (1976), 48 Ohio St.2d 372 [2 O.O.3d 484, 358 N.E.2d 610].' "

Therefore, the trial court's granting of TRW's motion to dismiss for forum non conveniens will not be disturbed on appeal unless it is clear that the decision was unreasonable, arbitrary or unconscionable.

In analyzing a motion to dismiss for forum non conveniens, a trial court must weigh a number of public and private interests. The weight given each factor depends largely upon the facts of each case. *Williams v. Green Bay & W. Ry. Co.* (1946), 326 U.S. 549, 66 S.Ct. 284, 90 L.Ed. 311. Important private interests include access to sources of proof, availability of compulsory process for attendance of unwilling witnesses, location of willing witness, and enforceability of a judgment if one is obtained. Public interest factors to be considered include administrative difficulties and delay to other litigants caused by congested court dockets, the imposition of jury duty upon citizens of the jurisdiction, and the appropriateness of litigating a case in a forum familiar with the applicable law. *Gilbert, supra,* 330 U.S. at 508–509, 67 S.Ct. at 843, 91 L.Ed. at 1060–1061.

■ While a movant who has filed a motion to dismiss for forum non conveniens is not required to present documentary evidence in support of the motion, the movant does have the burden of producing evidence sufficient for the court to balance the interests of the parties. *Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 258, 102 S.Ct. 252, 267, 70 L.Ed.2d 419, 437.

Here, the issue of forum non conveniens is raised in a somewhat unconventional manner. Normally, a defendant challenges an action on forum non conveniens grounds when being sued away from their home jurisdiction. In this instance, TRW, an international corporation with world headquarters located in the city of Lyndhurst, Cuyahoga County, Ohio, objects to being sued in its home forum. TRW maintains that this suit should be brought in France since it would be a more convenient jurisdiction.

■ A review of the record from the trial court fails to support TRW's assertion. Initially, it should be noted that appellant's citizenship and legal residency status are not relevant to TRW's defense of the action in Cuyahoga County. In order to successfully proceed with this action, the burden is on appellant to attend all pretrial and trial proceedings as well as to be available for depositions and other discovery. Should appellant fail to fully prosecute the action or comply with discovery, the trial court could impose the appropriate sanctions including involuntary dismissal of the case. *Pembaur v. Leis* (1982), 1 Ohio St.3d 89, 1 OBR 125, 437 N.E.2d 1199; *Heard v. Sharp* (1988), 50 Ohio App.3d 34, 552 N.E.2d 665. In addition, TRW's lack of compulsory process against French citizens is not a valid concern given the fact that TRW has failed to identify any foreign witness it expects to call. In contrast, appellant has stated that the majority of the witnesses he intends to call reside in the Ohio area. This factor provides a valid reason for retaining jurisdiction in Ohio. *Galloway v. Lorimar Motion Picture Mgmt., Inc.* (1989), 55 Ohio App.3d 78, 562 N.E.2d 949.

As to the pending French actions, appellant's expert stated in an unrebutted affidavit that the two proceedings in France are not dispositive of any of the issues raised in appellant's complaint. The first action involves an application by a group of TRW Module Systems (formerly NMS, S.A.) minority shareholders regarding the transfer and waste of corporate assets by the officials and directors of the company. The second proceeding, instituted by the sellers of the eighty-percent interest in NMS, is merely informational in nature as it seeks to designate an expert to gather documents which may be useful to the court in determining the cash flow factor set forth in the agreement. Since neither action is dispositive of the merits of this case, those actions cannot be used to justify dismissal on forum non conveniens grounds.

Last, this court must consider whether the application of French law in this jurisdiction warrants dismissal of the action on the grounds of forum non

conveniens. While it is true that the application of foreign law is a factor favoring dismissal, *Chambers v. Merrell–Dow Pharmaceuticals, Inc., supra*, 35 Ohio St.3d at 133, 519 N.E.2d at 378, it is not in and of itself determinative, as it must be balanced against other considerations. In this case, TRW's world headquarters are located in Cuyahoga County, Ohio, as are many of the witnesses appellant intends to call to testify. The purchase agreement in question was negotiated in Cuyahoga County by representatives of TRW. In addition, the alleged notarial liability, which has no counterpart under French law, occurred in Cuyahoga County. Because this case is largely based on allegations of fraud and breach of contract arising out of a specific sales agreement, the number of non forum witnesses is somewhat limited. Balancing these factors against the admitted burden of applying French law to this action, it cannot be said that the burden upon the trial court of applying French law would be excessive.

For the foregoing reasons, this court finds that the trial court abused its discretion in granting TRW's motion to dismiss based upon the doctrine of forum non conveniens.

Accordingly, the judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

SPELLACY, P.J., JAMES D. SWEENEY and WEAVER, JJ., concur.

CLARK B. WEAVER, J., retired, of the Eighth Appellate District, sitting by assignment.