**ALEXANDER, Appellant,**

v.

**CHANDLEY, Appellee.**

[Cite as *Alexander v. Chandley* (1996), 113 Ohio App.3d 435.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 96CA006322.

Decided Aug. 14, 1996.

*Roger L. Alexander, pro se.*

*Luann Mitchell,* for appellee.

QUILLIN, Presiding Judge.

Appellant, Roger Alexander, appeals from a judgment of the Elyria Municipal Court that dismissed his action against appellees, James and Carol Chandley, on *forum non conveniens* grounds. We reverse.

Alexander is an attorney, formerly practicing in Ohio, now a resident of Illinois. While practicing in Ohio, he represented the Chandleys in a few legal matters during the 1980s. Alexander brought this action to recover legal fees that the Chandleys allegedly did not pay. Alexander initially attempted to serve his complaint by certified mail in May 1993, but the mail was unclaimed. In December 1993, Alexander served the Chandleys by regular mail at their residence in Carlisle Township, Ohio. Although the Chandleys contend that they did not actually receive the mail at that address because they had moved to North Carolina, a neighbor apparently forwarded it to them.

In their amended answer, the Chandleys raised the defense that the Elyria Municipal Court was not the proper forum for this action. A hearing was held before a referee on this issue. The referee found that, because neither Alexander

nor the Chandleys were residents of Ohio, the case should not be heard in the Elyria Municipal Court based on the doctrine of *forum non conveniens*. The referee recommended that the matter be stayed for sixty days to allow Alexander to refile in North Carolina. The trial court overruled Alexander's objections, and adopted the report of the referee.

Alexander appealed to this court from the order entering the sixty-day stay. Because a stay order is not a final appealable order, we dismissed the appeal. Alexander did not refile his action in North Carolina, but the trial court did not dismiss his appeal. Because the stay order had been in effect for fifteen months, Alexander moved the trial court to dismiss the case "for the sole purpose of allowing [him] to appeal." Alexander explained to the court that he had not refiled his action in North Carolina, and that the sixty-day stay period had expired. He asked the court to dismiss the action so that he could prosecute an appeal. The trial court dismissed his action accordingly. Despite the Chandleys' argument to the contrary, this was not a voluntary dismissal pursuant to Civ.R. 41(A). Rather, it was an involuntary dismissal with prejudice pursuant to Civ.R. 41(B)(3), and is final and appealable.

Alexander appeals and raises ten assignments of error.

We will address Alexander's third assignment of error first because it is dispositive of most of the issues. The third assignment of error challenges the trial court's dismissal on *forum non conveniens* grounds. The trial court applied the common-law doctrine of *forum non conveniens* based on the sole fact that "neither plaintiff [nor] defendants are residents of Ohio[.]" Alexander contends that this fact alone was not a sufficient basis for dismissal on the grounds of *forum non conveniens*. We agree.

In *Chambers v. Merrell–Dow Pharmaceuticals, Inc.* (1988), 35 Ohio St.3d 123, 519 N.E.2d 370, the Ohio Supreme Court recognized that, applying the doctrine of *forum non conveniens*, an Ohio court "may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." *Id.* at 126, 519 N.E.2d at 373. The doctrine of *forum non conveniens*, unlike Civ.R. 3(D), assumes that proper jurisdiction and venue lie in the court the plaintiff has chosen, but that there is also another forum in which the defendant may be sued. *Id.*

Although a trial court's determination of whether there is a more convenient forum for a given case is committed to its sound discretion, the determination must be based on a balancing of all relevant public and private factors, including the ease of access to evidence including witnesses, the local interest in having local controversies decided at home, and the appropriateness of litigating in a forum familiar with the applicable law. *Id.* at 126–127, 519 N.E.2d at 373–374. A defendant who moves to dismiss on *forum non conveniens*

grounds has the burden of producing sufficient evidence to enable the court to balance these competing interests. *Salabaschew v. TRW, Inc.* (1995), 100 Ohio App.3d 503, 507, 654 N.E.2d 387, 389.

■ Here, the only consideration supporting dismissal on *forum non conveniens* grounds was the fact that neither party currently resided in the state. The factors supporting hearing the case in the Elyria Municipal Court, however, were more significant. The underlying dispute arose in Ohio at a time when all parties resided here. Therefore, any necessary witnesses or documents would likely be here, and Ohio law would be applied. The Chandleys resided in Ohio for many years, and did not sell their home or change their mailing address until after they were served with Alexander's complaint. The mere fact that North Carolina would be a more convenient location for the Chandleys was not sufficient to outweigh the numerous reasons that the Elyria Municipal Court should have heard the case. Cf. *Watson v. Driver Mgt., Inc.* (1994), 97 Ohio App.3d 509, 514, 646 N.E.2d 1187, 1190–1191 (The fact that the defendant currently resided in Ohio was insufficient to outweigh the significant factors supporting dismissal on *forum non conveniens* grounds: plaintiff had lived and worked in Nebraska and the entire dispute arose there.).

After balancing all the relevant factors, we must conclude that the trial court erroneously dismissed the case based on the doctrine of *forum non conveniens*. The third assignment of error is sustained.

The first, second, fourth, fifth, sixth, seventh, ninth and tenth assignments of error have been rendered moot by our disposition of the third assignment of error, and are overruled accordingly. See App.R. 12(A)(1)(c).

■ In his eighth assignment of error, Alexander contends that the trial court abused its discretion by failing to award him attorney fees as sanctions against the Chandleys' attorney, pursuant to R.C. 2323.51 and Civ.R. 11. Alexander asserts that sanctions were appropriate because the Chandleys' attorney filed a Civ.R. 3(D) motion which, according to Alexander, had no factual or legal basis. Alexander suggests that the Chandleys' attorney knew that the motion was groundless and frivolous, but filed it anyway. These allegations regarding the attorney's state of mind are unsupported by the record. The record before us fails to demonstrate anything more than a genuine legal dispute between the parties. Therefore, the trial court did not abuse its discretion by failing to award attorney fees as sanctions against the Chandleys' attorney. The eighth assignment of error is overruled.

*Judgment reversed*
*and cause remanded.*

BAIRD and SLABY, JJ., concur.