**LAZZARO, Admr., Appellant,**

v.

**HUFFY CORPORATION et al., Appellees.**

[Cite as *Lazzaro v. Huffy Corp.* (1998), 125 Ohio App.3d 753.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 73137.

Decided April 13, 1998.

*Spangenberg, Shibley & Liber, William Hawal* and *Mary A. Cavanaugh,* for appellant.

*Reminger & Reminger, Matthew O'Connell* and *Brian D. Sullivan,* for appellees.

---

*Per Curiam.*

Michele M. Lazzaro, administrator of the estate of two-and-one-half-year-old Anna Scherp, appeals from a determination of the Cuyahoga County Common Pleas Court, which utilized the doctrine of *forum non conveniens* and dismissed her product liability claim for wrongful death against Gerry Baby Products and Huffy Corporation, resulting from use of defective suction cups on a splash seat causing it to tip forward while Anna was bathing and precipitating her death by drowning. For the following reasons, we vacate the dismissal and remand the case to common pleas court for transfer of the matter to the Montgomery County Common Pleas Court on the basis of the doctrine of *forum non conveniens* for a redetermination of the motion to dismiss.

The events which gave rise to this case began sometime in January or February 1994, when Gerry Baby Products, a Colorado corporation, learned of problems due to defective suction cups installed on its baby splash seats that spontaneously detached from bathtub surfaces, thereby causing the seats to tip. On March 18, 1994, Gerry Baby Products initiated a voluntary corrective action with its retailers, seeking return of inventory. On March 22, 1994, Eric Witte, counsel for Gerry Baby Products' parent company, Huffy Corporation, located in Dayton, Ohio, directed a letter to Terry Rogers at the United States Consumer Product Safety Commission, advising of its planned corrective action for the splash seats. Tragically, neither Huffy Corporation nor Gerry Baby Products sent any recall or corrective action notification to overseas consumers at that time, despite the fact that Gerry Baby Products' quality assurance manager Jim Lee had given Witte a list of international countries and consumers and testified that Gerry Baby Products relied on its counsel for direct communications with the government and foreign governments.

In March 1994, Malin Scherp, Anna's mother, purchased a splash seat from a vendor, Rätt Start, located near her home in Tyreso, Sweden. On May 31, 1994, Scherp placed her daughter in the bathtub, using the splash seat, became distracted and, unfortunately, the seat tipped forward submerging Anna into the water, causing her death. Two years later, on May 30, 1996, Michele M. Lazzaro,

administrator of Anna's estate, commenced this action in the Cuyahoga County Common Pleas Court against Huffy Corporation and Gerry Baby Products, alleging that appellees used defective suction cups and had failed to warn Swedish consumers or recall the overseas splash seats. In response, appellees successfully moved to dismiss the case utilizing the doctrine of *forum non conveniens.*

Lazzaro now appeals and raises one assignment of error for our consideration:

"This court should reverse the trial court's order granting appellees' motion to dismiss on *forum non conveniens* grounds as an abuse of discretion."

Lazzaro contends that the trial court abused its discretion when it dismissed this action, arguing that public and private factors weigh in favor of Ohio rather than Sweden as a proper forum for this litigation.

Appellees urge that the trial court did not abuse its discretion in granting the dismissal, arguing that Ohio has no connection with the case because Malin Scherp purchased the splash seat in Sweden and Anna's death occurred there, that Gerry Baby Products manufactured the splash seat in Colorado, that no witnesses and evidence are located in Ohio, and that the only relation this case has to Ohio is the fact that Gerry Baby Products' parent company, Huffy Corporation, is headquartered in this state.

The issue then presented for our review concerns whether the trial court abused its discretion when it applied the doctrine of *forum non conveniens* and dismissed this case.

In *Salabaschew v. TRW, Inc.* (1995), 100 Ohio App.3d 503, 654 N.E.2d 387, our court stated in relevant part at 506, 654 N.E.2d at 388:

"The forum non conveniens determination is *committed to the sound discretion of the trial court* and can only be reversed upon a showing of an abuse of that discretion." (Citations omitted; emphasis added.)

In *Chambers v. Merrell–Dow Pharmaceuticals, Inc.* (1988), 35 Ohio St.3d 123, 519 N.E.2d 370, the court stated in relevant part at 125–126, 519 N.E.2d at 372–373:

" 'The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute.' *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 507 [67 S.Ct. 839, 842, 91 L.Ed. 1055, 1062]. The doctrine assumes that proper jurisdiction and *proper venue* lie in the court which plaintiff has chosen, *id.* at 504 [67

S.Ct. at 840, 91 L.Ed. at 1060]; cf. Ohio Civ.R. 3(D), and additionally presupposes the availability of another forum in which the defendant may be sued.

" '[T]he doctrine furnishes criteria for choice between them.' *Gilbert, supra,* at 507 [67 S.Ct. at 842, 91 L.Ed. at 1061]." (Emphasis added and footnotes omitted.)

In *Chambers,* the court went on to articulate the factors to consider in rendering a decision on this type of matter. The court stated in relevant part at 126–127, 519 N.E.2d at 373:

"These factors may be divided into the private interests of the litigants and factors of public interest involving the courts and citizens of the forum. Important private interests include: 'the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained.' *Gilbert, supra,* at 508 [67 S.Ct. at 843, 91 L.Ed. at 1062]. The *Gilbert* court noted that 'the plaintiffs' choice of forum should rarely be disturbed,' *id.,* particularly when the plaintiff has chosen his home forum. *Koster v. Lumbermens Mut. Cas. Co.* (1947), 330 U.S. 518, 524 [67 S.Ct. 828, 831, 91 L.Ed. 1067, 1074].

"* * *

"Public interest factors to be considered include the administrative difficulties and delay to other litigants caused by congested court calendars, the imposition of jury duty upon the citizens of a community which has very little relation to the litigation, a local interest in having localized controversies decided at home, and the appropriateness of litigating a case in a forum familiar with the applicable law. *Gilbert, supra,* at 508–509 [67 S.Ct. at 843, 91 L.Ed. at 1062–1063]."

Here, however, we recognize that the only link to the Cuyahoga County Common Pleas Court arises from Lazzaro's filing suit here. Neither Gerry Baby Products nor Huffy Corporation has a principal place of business here, nor did either conduct activity here that gave rise to this claim for relief, nor did the claim for relief itself arise here. See Civ.R. 3(B).

In this regard, Civ.R. 3(C)(1) states:

"When an action has been commenced in a county other than stated to be proper in subdivision (B) of this rule, upon timely assertion of the defense of improper venue as provided in Rule 12, *the court shall transfer the action to a county stated to be proper* in subdivision (B) of this rule." (Emphasis added.)

■ Here, Lazzaro alleges in her complaint that Gerry Baby Products, a Delaware corporation located in Thornton, Colorado, manufactured a splash seat using defective suction cups; that its parent corporation, the Huffy Corporation, located in Dayton, Ohio, failed to conduct a recall of the product in Sweden or otherwise warn consumers of its defective product; and that these actions proximately caused Anna Scherp's death. Further, we recognize that the Huffy Corporation conducted the product recall from its home office in Montgomery County, Ohio. According to Civ.R. 3(B), proper venue in this case, therefore, lies in Montgomery County, not in Cuyahoga County.

■ As explained by Justice Holmes in *Chambers, supra,* the doctrine of *forum non conveniens* initially presumes that proper jurisdiction *and* venue lie in the court chosen by the plaintiff and that another forum exists in which the defendant may also be sued; the doctrine supplies a basis for a court to resist imposition of the case upon its jurisdiction. Because in this case a properly venued forum exists in Montgomery County, not Cuyahoga County, that court has a right to exercise its own discretion and resist imposition upon its jurisdiction if it so desires.

Thus, we reverse the *forum non conveniens* determination made in this case and remand the matter for transfer to the Montgomery County Common Pleas Court for its determination of appellees' motion to dismiss on the basis of the doctrine of *forum non conveniens.*

Judgment reversed and cause remanded for transfer to Montgomery County Common Pleas Court.

*Judgment accordingly.*

DYKE, P.J., O'DONNELL and ROCCO, JJ., concur.