JOURNAL ENTRY AND OPINION
Plaintiff-appellant Diane Welsh ("appellant") appeals the dismissal of her complaint for forum non conveniens.
Appellant assigns the following errors for review:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING DEFENDANT-APPELLEES' MOTION TO DISMISS FOR FORUM NON CONVENIENS AS THE CHOSEN COURT WAS PROPER FOR THE CONTROVERSY, AND WAS NOT AN INCONVENIENT FORUM.
 II. THE COURT ABUSED ITS DISCRETION BY GRANTING THE DEFENDANT-APPELLEES' MOTION TO DISMISS FOR FORUM NON CONVENIENS WHERE DEFENDANT-APPELLEES HAVE NOT PROFFERED ANY EVIDENCE WHICH WOULD TEND TO SHOW THE EXISTING OHIO FORUM WAS INCONVENIENT.
Finding the appeal to have merit, the judgment of the trial court is reversed.
 I.
On January 9, 1998, appellant, a resident of Cuyahoga County, filed a complaint for breach of contract to make a will and for unjust enrichment. Named as defendants were the estate of appellant's father, Samuel Costello, her two sisters — Cynthia Costello Mandes and Linda Costello, and the Samuel A. Costello Trust and its trustee, James A. Griffith. In her complaint, appellant alleged Samuel Costello married her mother, Frances Halloran, in 1950. Appellant and her sister Linda were adopted by Samuel Costello. Cynthia Costello Mandes was born in 1952. In 1958, Frances Costello purchased the majority ownership in Arthur Murray, Inc. as a gift for her husband.
In 1976, the Costellos divorced in Cuyahoga County. A provision of the divorce decree states:
 Defendant, as additional alimony, shall pledge 75% of the shares of Arthur Murray, Inc., a New Jersey corporation, now owned by him, under the terms to be agreed upon between counsel for Plaintiff and Defendant, which pledge is for the purpose of securing any obligation which may be owed presently by Defendant to Plaintiff; and which shares shall be distributed upon the death of Defendant in equal shares to Defendant's children who are then living. Presently, Defendant is the owner of 11,440 and 97/300 common shares of Arthur Murray, Inc.
In 1991, Samuel Costello created an inter vivos trust. Samuel Costello died on January 26, 1995, in Miami, Florida. All three of his daughters were living at the time of Samuel Costello's death. Appellant was explicitly disinherited from Samuel Costello's will. The will had a pour-over provision to the 1991 trust. Appellant was not a named beneficiary of the trust. The Arthur Murray, Inc., shares of stock were not included in the probate estate of Samuel Costello. Appellant failed to ascertain if the shares of stock were in the trust because she was denied a copy of the trust agreement.
The defendants filed a motion to dismiss for forum nonconveniens. In their motion, the defendants argued that appellant's complaint actually was a claim against Samuel Costello's estate, which was probated in Dade County, Florida. The defendants asserted that, because this was a claim against Samuel Costello's estate, the case would be governed by Florida law. Furthermore, the documentary evidence relating to the administration of the estate was located in Florida. The defendants also argued that dismissal for forum non conveniens
was proper because defendant Cynthia Costello Mandes resides in Florida. The defendants attached Cynthia Costello Mandes' affidavit in which she averred that she is a resident of West Palm Beach, Florida, and is the personal representative of her father's estate. Cynthia Costello Mandes stated that it would be a burden and inconvenience to both the estate and herself to defend a lawsuit outside of Florida.
Appellant responded by asserting that her cause of action concerned enforcing a part of her parents' divorce decree and was not a claim against Samuel Costello's estate. Appellant pointed out that she and defendant Linda Costello reside in Cuyahoga County. The trustee for the Samuel A. Costello Trust had his principal place of business in Cuyahoga County. Also, Cynthia Costello Mandes co-owned Linda Costello's home in Cuyahoga County and returns here approximately four times a year.
The trial court granted the defendants' motion to dismiss because of forum non conveniens. The trial court found that the thrust of the case was a claim on the estate of Samuel Costello which would require the application of Florida law. Because the trial court regarded this as a claim regarding the administration of the estate, it determined that Florida had the paramount prerogative of protecting the integrity of its probate proceedings. The trial court premised its grant of the dismissal on the defendants' consent to be sued in Florida, the defendants making documents or witnesses available, and the waiver of any applicable statutes of limitations.
Appellant filed a motion for reconsideration which was denied by the trial court. Appellant then filed a motion to retain jurisdiction in which she contended that the defendants had not complied with the trial court's requirements set forth in the journal entry dismissing the case. The trial court overruled this motion after determining that the defendants had complied with the terms of the order of dismissal.
 II.
Appellant's assignments of error will be addressed together as interrelated law and facts are involved in the resolution of the issues before this court. Appellant's basic premise is that the trial court abused its discretion by granting the defendants' motion to dismiss for forum non conveniens. Appellant asserts that the trial court misconstrued her claim as being against the estate of Samuel Costello when appellant actually brought a breach of contract cause of action based upon a divorce decree entered into in Cuyahoga County. Appellant points to the factors weighing against the dismissal of the case and in favor of its resolution in Ohio which will be discussed more throughly below.
In Chambers v. Merrell-Dow Pharmaceuticals, Inc. (1988),35 Ohio St.3d 123, Ohio adopted the common-law doctrine of forum nonconveniens. Under forum non conveniens, a court may resist imposition upon its jurisdiction although jurisdiction is authorized by a general venue statute. The doctrine assumes that proper jurisdiction and venue also lie with another forum in which the defendant may be sued. Id. citing Gulf Oil Corp. v.Gilbert (1947), 330 U.S. 501.
In determining whether there is a more convenient forum for the case before it, a trial court must balance all relevant public and private interest factors. The public interest factors to be considered include: (1) the administrative difficulties and delay to other litigants caused by congested court calendars; (2) the imposition of jury duty upon the citizens of a community which has very little relation to the litigation; (3) a local interest in having localized controversies decided at home; and (4) the appropriateness of litigating a case in a forum familiar with the applicable law.
Private interest factors to be considered by the trial court include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (3) the possibility of a view of premises, if a view would be appropriate to the action; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. Id. The weight to be given any of these factors depends upon the facts of each case. Glidden Co. v. HM Holdings,Inc. (1996), 109 Ohio App.3d 721.
The determination of whether there is a more convenient forum for a given case is committed to the sound discretion of the trial court. Chambers, supra, at paragraph one of the syllabus. The decision of the trial court only will be reversed upon a clear abuse of that discretion. Id. at 127. A reviewing court does not conduct a de novo review of the public and private factors considered by the trial court but is constrained to determining whether the trial court's balancing of those factors clearly was unreasonable. Commercial Union Ins. Co. v. Great Am.Ins. Co. (1997), 124 Ohio App.3d 1.
In its order dismissing the case, the trial court stated it weighed the public and private factors set forth in Chambers but found that competing interests between the parties existed only for the accessability of proof and the availability of compulsory process factors. The trial court found that neither of these factors favored either the plaintiff or the defendants. The trial court also determined that this case actually involved a claim on Samuel Costello's estate, requiring the application of Florida law. The trial court regarded this to be the determining factor in granting the motion to dismiss for forum non conveniens.
The application of foreign law is a factor favoring dismissal but is not determinative by itself. Salabaschew v. TRW, Inc.
(1995), 100 Ohio App.3d 503. Further, the trial court mischaracterized appellant's cause of action in the instant case. Appellant clearly is seeking to enforce the divorce decree entered into by her parents in this county. Although the evidence in the record is sparse given the incipient nature of this case, the shares of stock at issue were not listed on the inventory stating the assets of Samuel Costello's estate. Apparently, the Arthur Murray, Inc. stock was not an asset of the estate which was probated and administered in Dade County, Florida. Although Samuel Costello's estate is a party to the action, this is not a claim regarding the administration of the estate. Rather, this case involves the interpretation and enforcement of an Ohio divorce decree which would be governed by Ohio law. Whether appellant can prevail on her effort to enforce the "contract to make a will" would be determined by the law of Ohio. Therefore, the factor the trial court regarded as being determinative in the instant case was based upon an erroneous determination of the nature of appellant's claim against the defendants.
It is appellant's theory that the stock is held in the Samuel A. Costello Trust, a defendant herein. The trustee is located in Cleveland. Any documentation regarding the trust likely will be found here and not in Florida. Although this court is not to reweigh the public and private factors, it is clear that the trial court's determination that this case was a claim against Samuel Costello's estate led to the Chambers public and private factors being given inadequate or no consideration below.
Appellant is a resident of Cuyahoga County. A resident plaintiff's choice of his or her home forum should rarely be disturbed. Chambers, supra, at 127. Ohio has a strong interest in seeing that the provisions of its divorce decrees are enforced. One of the defendant sisters, Linda Costello, is a resident and the other is a co-owner of property in this county. That sister, Cynthia Costello Mandes, often travels to Ohio. The inventory of Samuel Costello's estate already is a part of the record and it may be that little more, if any, documentation regarding the administration of Samuel Costello's estate will be necessary. The situs of the trust may be in Cuyahoga County and the trustee is here.
Based upon the above considerations, the trial court abused its discretion by granting the defendants' motion to dismiss forforum non conveniens. The trial court's balancing of the relevant factors was not reasonable once the cause of action was misconstrued. Further, the defendants did not meet their burden of producing evidence sufficient for the trial court to balance the interests of the parties. Salabaschew, supra. The thrust of the defendants' motion was that this was a claim against the estate of Samuel A. Costello. The defendants relied upon the affidavit of Cynthia Costello Mandes in which Mandes averred she would be burdened and inconvenienced by traveling to Ohio to defend the lawsuit. As stated above, this is not a claim against the estate but an effort to enforce a provision in a divorce decree. Given that Mandes owns property in Ohio and travels here several times a year, the inconvenience to her does not outweigh the other factors favoring an Ohio resolution of the lawsuit.
Appellant's first and second assignments of error have merit.
Judgment reversed and remanded.
The judgment of the trial court is reversed and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is, therefore, considered that said appellant recover of said appellees her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
JAMES M. PORTER. ADM. J. and
JAMES D. SWEENEY. J. CONCUR. ________________________ LEO M. SPELLACY JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D), and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E)unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. 11, Section 2(A)(1).