DECISION.
Plaintiff-appellant Information Leasing Corporation ("ILC") appeals from the Hamilton County Court of Common Pleas's dismissal of its civil complaint filed against defendant-appellee Larry K. Baxter, d.b.a. Kenny's Pit Stop ("Baxter"). ILC claimed in its complaint that Baxter had defaulted under the terms of a contract between ILC, an Ohio corporation, and Baxter for the lease of an automated teller machine ("ATM"). Both Baxter's billing address and the ATM's location were in the state of North Carolina. The trial court's entry granting Baxter's pro se motion to dismiss[1] stated that the dismissal was without prejudice, subject to refiling in a proper forum, and was "pursuant to Rule 12(B)(2) under the doctrine of forum non conveniens.
ILC contends on appeal that "the trial court erred in dismissing [its] complaint pursuant to Ohio Civ.R. 12(B)(2) under the doctrine of forum non conveniens." Because our standard of review for a dismissal for lack of jurisdiction differs from our standard of review for a dismissal on the basis of forum non conveniens, we address this challenge under both. Based on the record transmitted to this court, we hold that the trial court erred in dismissing ILC's complaint.[2]
In support of his motion to dismiss, Baxter claims that all the transactions occurred in North Carolina, and that he had no relationship with ILC that would subject him to the jurisdiction of an Ohio court. In that portion of the same filing said by Baxter to be his answer to the complaint, he claimed that ILC's alleged agent had "instructed [him] to execute certain documents," that the alleged agent's "representations were fraudulent," and that "as a result of the fraudulent and deceitful acts of [ILC]," he "has been substantially damaged in the sum of at least $10,000.00." Baxter made no claim that the contract's forum-selection clause was unfair or unreasonable or was fraudulently included in his contract.
At oral argument before this court, the parties confirmed that no evidentiary hearing had been conducted on Baxter's motion to dismiss, although an unrecorded discussion between the parties had taken place before the trial court. To the extent that the dismissal of ILC's action may be deemed a dismissal pursuant to Civ.R. 12(B)(2) for lack of jurisdiction, and in the absence of an evidentiary hearing on Baxter's motion, the trial court was required to view the allegations in the pleadings and the documentary evidence in a light most favorable to ILC and to resolve all reasonable competing inferences in ILC's favor.[3]
This court's review of the trial court's decision granting a Civ.R. 12(B)(2) motion to dismiss is de novo.[4]
Where a party moves for dismissal based upon lack of personal jurisdiction, the nonmoving party bears the burden of establishing the court's jurisdiction.[5] However if, as here, the trial court did not hold a hearing, the nonmoving party need only make a prima facie showing of jurisdiction to withstand the motion to dismiss.[6]
 With regard to personal jurisdiction, the Ohio Supreme Court has stated,
 When determining whether a state court has personal jurisdiction over a nonresident defendant, the court is obligated to (1) determine whether the state's "long-arm" statute and the applicable Civil Rule confer personal jurisdiction, and if so, (2) [determine] whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution.[7]
The issue of whether a nonresident is transacting business in Ohio pursuant to Ohio's "long arm" statute, R.C. 2307.382, requires that a case-by-case determination be made.[8] Once it has been determined, pursuant to the "long-arm" statute, that the nonresident is transacting business in Ohio, a court may exercise jurisdiction over the nonresident.[9] Regarding the second step, the corporation must have certain minimum contacts with the state such that the maintenance of the suit cannot be said to offend traditional notions of fair play and substantial justice.[10] The Ohio Supreme Court in U.S. Sprint noted that,
 The concept of minimum contacts serves two functions. First, it protects the nonresident defendant "against the burdens of litigating in a distant or inconvenient forum." World-Wide Volkswagen Corp. v. Woodson
(1980), 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490, 498. Second, it ensures that the states do not encroach on each other's sovereign interest.[11]
The Supreme Court of Ohio has also declared that "[i]f a person can read and is not prevented from reading what he signs, he alone is responsible for his omission to read what he signs."[12] At the very beginning of its contract with Baxter, ILC included a written notice, in large type, with other warnings about legal and financial consequences, that advised Baxter to "please read [the contract] carefully" and to "feel free to ask questions before signing by calling the leasing company * * *." The written agreement between Baxter and ILC was a commercial contract for the rental of an ATM machine, and Baxter signed it on behalf of his business and as an individual. Pertinent contract language prominently appeared and provided as follows:
 YOU AGREE THAT THIS AGREEMENT SHALL BE CONSTRUED AND GOVERNED ACCORDING TO THE LAWS OF THE STATE OF OHIO, AND YOU CONSENT TO THE JURISDICTION AND VENUE OF ANY COURT LOCATED IN THE STATE OF OHIO. YOU AND WE EXPRESSLEY [sic] WAIVE ANY RIGHT TO TRAIL [sic] BY JURY.
Similar contract language appears a second time in smaller type. Baxter's signature appears in both instances immediately after the contract provisions containing the Ohio jurisdiction and venue language. Baxter thus assented to this straightforward contract language and must live up to his end of the commercial bargain to the extent that he consented to personal jurisdiction in the courts of Ohio.[13]
Furthermore, ILC's complaint alleged that the cause of action was based upon the nonpayment of a contractual debt. Various jurisdictions have already held that the refusal to pay money due on a contract results in a breach of that contract at the place where the money was to be paid.[14]
The Ohio Supreme Court has held that a physical presence in the forum state is not required to sustain a finding of personal jurisdiction.[15]
The court has also noted that, because modern transportation and communications have made it much less burdensome for a party sued to defend himself in a state where he has engaged in economic activity, it would, in most instances, not be unfair to subject him to the burdens of litigating in another forum relating to such activity.[16]
In the case at bar, Baxter voluntarily entered into a commercial contract with ILC, an Ohio corporation, and Baxter owed ILC a duty of performance under the contract for a period of sixty months. Because the breach-of-contract claim asserted against Baxter arises directly out of that contact with Ohio, the alleged breach of contract has created a substantial enough connection with Ohio to make the exercise of jurisdiction over Baxter fundamentally fair.[17]
Viewing the allegations in the pleadings and the documentary evidence in a light most favorable to ILC and resolving all reasonable competing inferences in ILC's favor, we conclude that ILC made the required prima facie showing of personal jurisdiction for the purpose of withstanding Baxter's motion to dismiss. Thus, the trial court erred in dismissing ILC's complaint pursuant to Civ.R.(12)(B)(2) for lack of jurisdiction.
We also conclude that the trial court's summary dismissal of ILC's complaint under the common-law doctrine of forum non conveniens constituted an abuse of discretion.[18] Baxter did not claim that he had not had notice of the written forum-selection clause, or that the inclusion of the forum-selection clause was fraudulent. "It is `settled law that unless there is a showing that the alleged fraud or misrepresentation induced the party opposing a forum selection clause to agree to inclusion of that clause in the contract, a general claim of fraud or misrepresentation as to the entire contract does not affect the validity of the forum-selection clause.'"[19]
The trial court concluded that Baxter had received notice that he could be subject to Ohio law through a "boilerplate clause" in the contract he had signed. But the United States Supreme Court has rejected the proposition that a non-negotiated forum-selection clause is not enforceable simply because it was not the subject of bargaining.[20]
Whatever inconvenience Baxter might suffer by being forced to litigate in the contractual forum to which he agreed was clearly foreseeable at the time of contracting.[21] And, as the Ohio Supreme Court has held,
 [F]orum selection clauses in the commercial contract context should be upheld, so long as enforcement does not deprive litigants of their day in court. Therefore, we hold that absent evidence of fraud or overreaching, a forum selection clause contained in a commercial contract between business entities is valid and enforceable, unless it can be clearly shown that enforcement of the clause would be unreasonable and unjust.[22]
Based on the record before us, we cannot say that enforcement of the contractual agreement for jurisdiction and venue in Ohio would be unreasonable and unjust. Thus, we conclude that the trial court abused its discretion in dismissing ILC's complaint on the basis of forum non conveniens.
Upon our determination that the trial court erred by granting Baxter's motion to dismiss, we sustain ILC's single assignment of error, reverse the trial court's judgment, and remand this cause for further proceedings consistent with law and this Decision.
Judgment reversed and cause remanded.
Hildebrandt, P.J., and Sundermann, J., concur.
[1] Baxter's pro se motion to dismiss was also captioned as an answer. The pleading stated that he had "fully answered the complaint" and set forth his counterclaim.
[2] Recognizing that dismissals based on the doctrine of forum non conveniens have been the subject of appeals in the past, we address ILC's single assignment of error on the limited record transmitted to this court. See Chambers v. Merrell-Dow Pharmaceuticals, Inc. (1988),35 Ohio St.3d 123, 519 N.E.2d 370; Lazzaro v. Huffy Corp. (1998),125 Ohio App.3d 753, 709 N.E.2d 580; Watson v. Driver Mgt., Inc. (1994),97 Ohio App.3d 509, 646 N.E.2d 1187.
[3] See Goldstein v. Christiansen, 70 Ohio St.3d 232, 236,1994-Ohio-229, 638 N.E.2d 541; Fritz-Rumer-Cooke Co. v. Todd Sargent
(Feb. 8, 2001), 10th Dist. No. 00AP-817, discretionary appeal not allowed (2001), 92 Ohio St.3d 1418, 748 N.E.2d 550; Heritage Funding LeasingCo. v. Phee (1997), 120 Ohio App.3d 422, 425, 698 N.E.2d 67; Giachettiv. Holmes (1984), 14 Ohio App.3d 306, 307, 471 N.E.2d 165.
[4] See Fritz-Rumer-Cooke Co. v. Todd Sargent, supra.
[5] See Hercules Tire Rubber Co. v. Murphy, 133 Ohio App.3d 97, 100,1999-Ohio-838, 726 N.E.2d 1080; Giachetti v. Holmes, supra at 307,471 N.E.2d 165.
[6] See Giachetti v. Holmes, supra at 307, 471 N.E.2d 165.
[7] Goldstein v. Christiansen, supra at 235, 1994-Ohio-229,638 N.E.2d 541, citing U.S. Sprint Communications Co., Ltd. Partnershipv. Mr. K's Foods, Inc. (1994), 68 Ohio St.3d 181, 183-184,1994-Ohio-504, 624 N.E.2d 1048.
[8] See U.S. Sprint v. Communications Co., Ltd. Partnership v. Mr. K'sFoods, Inc., supra at 185, 1994-Ohio-504, 624 N.E.2d 1048;Fritz-Rumer-Cooke Co. v. Todd Sargent, supra.
[9] See id. at 185, 1994-Ohio-504, 624 N.E.2d 1048.
[10] See id. at 186, citing Internatl. Shoe Co. v. Washington, (1945), 326 U.S. 310, 316, 66 S.Ct. 154, 158.
[11] Id.
[12] Haller v. Borror Corp. (1990), 50 Ohio St.3d 10, 14,552 N.E.2d 207.
[13] See Kennecorp Mtg. Brokers, Inc. v. Country Club ConvalescentHosp., Inc. (1993), 66 Ohio St.3d 173, 176, 610 N.E.2d 987.
[14] See Soloman v. Excel Marketing, Inc. (1996), 114 Ohio App.3d 20,25-26, 682 N.E.2d 724.
[15] See Goldstein v. Christiansen, supra at 236, 1994-Ohio-229,638 N.E.2d 541, citing Kentucky Oaks Mall Co. v. Mitchell's Formal Wear,Inc. (1990), 53 Ohio St.3d 73, 75, N.E.2d 477.
[16] See U.S. Sprint Communications Co., Ltd. Partnership v. Mr. K'sFoods, Inc., supra at 187, 1994-Ohio-504, 624 N.E.2d 1048, citing BurgerKing Corp. v. Rudzewicz (1985), 471 U.S. 462, 474, 105 S.Ct. 2174,2183.
[17] See Schnippel Constr., Inc. v. Kreps, 3rd Dist. No. 17-01-16, 2002-Ohio-668.
[18] See Chambers v. Merrell-Dow Pharmaceuticals, Inc., supra at 132-133, 519 N.E.2d 370 (holding that review is limited to a determination of whether the trial court abused its discretion in ordering a conditional dismissal).
[19] Four Seasons Ent. v. Tommel Financial Serv., Inc. (Nov. 9, 2000), 8th Dist. No. 77248, quoting Moses v. Business Card Express (C.A.6, 1991), 929 F.2d 1131, 1138; Kennecorp Mtg. Brokers, Inc. v. Country ClubConvalescent Hosp., Inc. (1993), supra at 176, 610 N.E.2d 987.
[20] See Carnival Cruise Lines, Inc. v. Shute (1991), 499 U.S. 585,593, 111 S.Ct. 1522, 1527.
[21] See M/S Bremen v. Zapata Off-Shore Co. (1972), 407 U.S. 1,17-18, 92 S.Ct. 1907, 1917.
[22] Kennecorp Mtg. Brokers, Inc. v. Country Club ConvalescentHosp., Inc., supra at 176, 610 N.E.2d 987 (emphasis added).