[Cite as *All Pro Freight Sys., Inc. v. Walker*, 2019-Ohio-321.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

ALL PRO FREIGHT SYSTEMS INC.

    Appellants

    v.

MARVIN WALKER

    Appellee

C.A. No.     18CA011337

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    18CV194155

DECISION AND JOURNAL ENTRY

Dated: February 4, 2019

TEODOSIO, Presiding Judge.

{¶1} All Pro Freight Systems, Inc., and its owner, Chris Haas (collectively, "All Pro"), appeal the order of the Lorain County Court of Common Pleas finding that there was no proper forum for trial in Ohio, staying the action, and providing All Pro sixty days to recommence the action in North Carolina. We reverse and remand.

I.

{¶2} In January 2018, All Pro filed its complaint against Marvin Walker and Day Runner, Inc., for breach of contract and promissory estoppel. The complaint alleged the following facts.

{¶3} All Pro Freight Systems, Inc., is an Ohio corporation with its principal place of business in Lorain County, and its owner, Chris Hass, has his principal place of residence in Florida. Day Runner, Inc., is a North Carolina corporation, and its owner, Marvin Walker, is a resident of North Carolina. Day Runner was intended to operate as a private, on-demand small

cargo carrier and messenger service utilizing voluntary independent contractors who would be on-call during hours of the contractor's choosing. All Pro intended to have exclusive rights to operate Day Runner in the Cleveland, Ohio, and Orlando, Florida markets. In August, 2017, All Pro loaned Mr. Walker and Day Runner $50,000.00 to pay for a software application that was to be utilized by the business. After the funds had been transferred, Mr. Walker informed Mr. Haas that he was "moving in another direction" and was no longer interested in doing business with All Pro. He further acknowledged that the funds had been loaned and represented that he would return the money. After several months of waiting, All Pro filed its complaint for breach of contract and promissory estoppel.

{¶4} Subsequent to service having been perfected upon the defendants, All Pro filed its motion for default judgment. On April 19, 2018, at a hearing on the motion, the trial court granted the defendants until May 21, 2018, to respond to the complaint. That same day, Mr. Walker filed a motion to transfer venue to Charlotte, North Carolina. The motion, in its entirety, states: "I am requesting to have this case be heard in Charlotte[,] NC[,] as it isn't the right jurisdiction since all parties reside and transactions occurred in North Carolina." All Pro responded with a brief in opposition, and on May 17, 2018, the trial court, after applying the doctrine of forum non conveniens, entered an order on Mr. Walker's motion to transfer venue stating:

1. The [c]ourt finds that defendants have timely asserted the defense of improper venue, that there is no proper forum for trial in this state, and that the proper forum for trial is Mecklenburg County, North Carolina.

2. Therefore, this Action is ordered STAYED. Plaintiffs are given sixty days to recommence this action in Mecklenburg County, North Carolina, or suffer dismissal without prejudice.

{¶5}    All Pro now appeals, raising two assignments of error.  The assignments of error have been consolidated for the purposes of our review.

## II.

### ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED BY RULING IT WAS NOT A PROPER FORUM.

### ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED BY DISMISSING THE CASE PURSUANT TO THE DOCTRINE OF FORUM NON CONVENIENS.

{¶6}    In its first assignment of error, All Pro argues the trial court erred in ruling that Ohio was not a proper forum.  In its second assignment of error, All Pro argues the trial court erred in its application of the doctrine of forum non conveniens.  We agree on both fronts.

{¶7}    In *Chambers v. Merrell-Dow Pharmaceuticals, Inc.*, 35 Ohio St.3d 123 (1988), the Supreme Court of Ohio recognized that in applying the doctrine of forum non conveniens, an Ohio court "may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute."  *Id*. at 126.  "The doctrine of forum non conveniens, unlike Civ.R. 3(D), assumes that proper jurisdiction and venue lie in the court the plaintiff has chosen, but that there is also another forum in which the defendant may be sued."  *Alexander v. Chandley*, 113 Ohio App.3d 435, 437 (9th Dist.1996), citing *Chambers* at 126.

{¶8}    "The common-law doctrine of forum non conveniens is committed to the sound discretion of a court of general jurisdiction, and may be employed pursuant to the inherent powers of such court to achieve the ends of justice and convenience of the parties and witnesses."  *Chambers* at paragraph one of the syllabus.  "[T]he determination must be based on a balancing of all relevant public and private factors, including the ease of access to evidence

including witnesses, the local interest in having local controversies decided at home, and the appropriateness of litigating in a forum familiar with the applicable law." *Alexander* at 437, citing *Chambers* at 126-127. "A defendant who moves to dismiss on forum non conveniens grounds has the burden of producing sufficient evidence to enable the court to balance these competing interests." *Id.* at 437-38, citing *Salabaschew v. TRW, Inc.*, 100 Ohio App.3d 503, 507 (8th Dist.1995). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *United Capital Ins. Co. v. Brunswick Ins. Agency*, 144 Ohio App.3d 595, 601 (9th Dist.2001), quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).

{¶9} We review a trial court's decision applying the doctrine of forum non conveniens for an abuse of discretion. *See Chambers* at 127. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶10} Mr. Walker's one-sentence pro se motion suggested a transfer of venue based upon an alleged lack of jurisdiction in Ohio, rather than a request for the application of the doctrine of forum non conveniens. The conclusion of the trial court's order reflects as much, stating: "The [c]ourt finds that defendants have timely asserted the defense of improper venue, that there is *no proper forum* for trial in this state, and that the proper forum for trial is Mecklenburg County, North Carolina." (Emphasis added.) The trial court's analysis, however, applies the balancing test required by the doctrine of forum non conveniens, which assumes proper venue existed in the court where the complaint was filed. To the extent that the order

reflects a conclusion that there is a lack of jurisdiction in Ohio, it is incongruous with the trial court's own analysis. The analysis by the trial court in fact notes that "[w]hile venue *may* be proper under Civ.R. 3(B)(12), the court [finds] that the doctrine of *forum non*[]*conveniens* is applicable to this case and hereby invokes the same." (Emphasis sic.)

{¶11} As we have noted above, for the doctrine of forum non conveniens to be applied, a defendant has the burden of producing sufficient evidence to enable the court to balance all relevant public and private factors. *Alexander* at 437. In addition, the balance must weigh strongly in favor of the defendant for a trial court to disturb the plaintiff's choice of forum. *United Capital* at 601. Mr. Walker's motion failed to provide sufficient evidence that would have allowed the trial court to engage in the requisite balancing of the competing interests. As a consequence, the trial court abused its discretion in applying the doctrine of forum non conveniens.

{¶12} All Pro's first and second assignments of error are sustained.

### III.

{¶13} All Pro's first and second assignments of error are sustained. The order of the Lorain County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.

Judgment reversed
and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

STEVEN B. BARANEK, Attorney at Law, for Appellants.

MARVIN WALKER, pro se, Appellee.