[Cite as *In re Adoption of M.J.E.S.*, 2022-Ohio-2336.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| IN THE MATTER OF: | **CASE NOS. 2022-T-0055**<br>**2022-T-0056** |
| THE ADOPTION OF M.J.E.S. | |
| | Civil Appeals from the<br>Court of Common Pleas,<br>Probate Division |
| | Trial Court Nos. 2021 ADP 0052<br>2021 ADP 0053 |

**M E M O R A N D U M**
**O P I N I O N**

Decided: July 5, 2022
Judgment: Appeals dismissed

*William R. Biviano*, Biviano Law Firm, 108 Main Avenue, S.W., Suite 700, Warren, OH 44481 (For Appellants).

*Kelly S. Newbrough*, The Law Office of Kelly S. Newbrough, LLC, 1542 Woodland Street, N.E., Warren, OH 44483 (For Appellee).

MATT LYNCH, J.

{¶1}    Appellants filed two appeals from a May 11, 2022 Judgment Entry of the Trumbull County Court of Common Pleas, Probate Division, in which the court ordered that all proceedings in the matter be stayed pending the resolution of the outcome of a Trumbull County Court of Common Pleas, Domestic Relations Division, matter. Since the May 11, 2022 entry is not a final appealable order, we sua sponte dismiss these appeals.

{¶2}     According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action.  If a trial court's judgment satisfies any of the categories in R.C. 2505.02(B), it will be considered a "final order," which can be immediately appealed and reviewed by a court of appeals.  *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3.

{¶3}     R.C. 2505.02(B) provides, in pertinent part:

{¶4}     "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

"(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

"(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

* * *

"(4) An order that grants or denies a provisional remedy * * *."

{¶5}     This court has held that an appeal from an entry that stays a proceeding is not a final order.  *In re: K.S.*, 11th Dist. Ashtabula No. 2015-A-0023, 2015-Ohio-1771, ¶ 5; *Anderson v. Wojtasik,* 11th Dist. Geauga No. 2011-G-3039, 2012-Ohio-2119, ¶ 16; *see also Alexander v. Chandley*, 113 Ohio App.3d 435, 437, 680 N.E.2d 1317 (9th Dist.1996) ("a stay order is not a final and appealable order").

{¶6}     Specifically, as to R.C. 2505.02(B)(1) and (2), this court has stated that an order granting a stay does not "affect a substantial right, but merely puts the case on hold."  *Id.* at ¶ 6; *Rymers v. Rymers*, 11th Dist. Lake No. 2009-L-180, 2010-Ohio-2684, ¶

2

20. Placing a case "on hold" is not consistent with the "[t]he principal function of a final, appealable order," which is "the termination of a case or controversy." *Id.*

{¶7} Regarding R.C. 2505.02(B)(4), we have held that "a stay is not an ancillary proceeding, and thus not a provisional remedy, since it 'is not an offshoot of the main action; it is the main action postponed.'" *Id.*; *see also Community First Bank & Trust v. Dafoe*, 108 Ohio St.3d 472, 476, 2006-Ohio-1503.

{¶8} Based upon the foregoing analysis, these appeals are hereby sua sponte dismissed due to lack of a final appealable order.

{¶9} Appeals dismissed.

MARY JANE TRAPP, J.,

JOHN J. EKLUND, J.,

concur.

3