[Cite as *Fifth Third Bank, Natl. Assn. v. Audia*, 2024-Ohio-2127.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| FIFTH THIRD BANK,<br>NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>- vs -<br><br>CHALMETTE AUDIA, et al.,<br><br>Defendant-Appellee,<br><br>(SUMIT DAVRE,<br><br>Appellant). | CASE NO. 2024-P-0026<br><br><br>Civil Appeal from the<br>Court of Common Pleas<br><br><br>Trial Court No. 2023 CV 00456 |

**M E M O R A N D U M**
**O P I N I O N**

Decided: June 3, 2024
Judgment: Appeal dismissed

*Jeffrey K. Krueger*, Krueger and Valente Law, LLC, 11925 Pearl Road, Suite 201, Strongsville, OH  44136 (For Appellant).

*Jason A. Whitacre*, Flynn Keith & Flynn, LLC, 214 South Water Street, Kent, OH 44240 (For Defendant-Appellee).


JOHN J. EKLUND, J.

{¶1}    Sumit Davre ("Davre") filed an appeal on April 17, 2024 from a judgment of the Portage County Court of Common Pleas staying execution of the case.  Fifth Third Bank, National Association ("FTB") filed a complaint against Chalmette Audia ("Audia') for failing to make payments on a note and mortgage.  The trial court granted a default judgment, and the property was scheduled for sheriff's sale and sold to a third-party

purchaser, Davre. The trial court entered an order on February 23, 2024, confirming the sale of the property. Audia filed a motion for a stay of execution of the judgment pending appeal, which the trial court granted on March 20, 2024.

{¶2} Audia filed a motion to dismiss this appeal for lack of a final appealable order, and Davre opposed the motion. The appealability of the trial court's March 20 stay is now before this court.

{¶3} Section 3(B)(2), Article IV of the Ohio Constitution states that a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order." If a trial court's judgment satisfies any of the categories in R.C. 2505.02(B), it will be considered a "final order," which can be immediately appealed and reviewed by a court of appeals. *In re Adoption of M.J.E.S.*, 11th Dist. Trumbull Nos. 2022-T-0055 and 2022-T-0056, 2022-Ohio-2336, ¶ 2.

{¶4} R.C. 2505.02(B) provides, in pertinent part:

{¶5} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶6} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶7} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment; * * *

{¶8} "(4) An order that grants or denies a provisional remedy * * *."

{¶9} This court has repeatedly held that appealing an entry that stays a proceeding is not a final order. *In re Adoption of M.J.E.S.*, at ¶ 5; *In re: K.S.*, 11th Dist. Ashtabula No. 2015-A-0023, 2015-Ohio-1771, ¶ 5; *Anderson v. Wojtasik,* 11th Dist.

2

Geauga No. 2011-G-3039, 2012-Ohio-2119, ¶ 16; *see also Alexander v. Chandley*, 113 Ohio App.3d 435, 437 ("a stay order is not a final and appealable order").

{¶10} Specifically, regarding R.C. 2505.02(B)(1) and (2), this court has explained that an order granting a stay does not affect a substantial right, but simply places the case on hold. *In re Adoption of M.J.E.S.*, at ¶ 6. The primary function of a final, appealable order is the termination of a case or controversy. *Id.* Placing a case "on hold" is not consistent with that purpose. *Id.*

{¶11} As to R.C. 2505.02(B)(4), this court has stated that since a stay is not an ancillary proceeding, it is not a provisional remedy, and since it is not an offshoot of the main action; it is the main action postponed. *Id.*; *see also Community First Bank & Trust v. Dafoe*, 108 Ohio St.3d 472, 476, 2006-Ohio-1503.

{¶12} Based upon the foregoing analysis, Audia's motion to dismiss is hereby granted. This appeal is dismissed due to lack of a final appealable order.


MARY JANE TRAPP, J.,

ROBERT J. PATTON, J.,

concur.

3